Beall vs. Blake.

---

No. 28.—NATHANIEL H. BEALL, executor, &c. plaintiff in error, vs. SAMUEL R. BLAKE, defendant in error.

13   217
f127  117

[1.] Application to set aside irregularities in judicial proceedings should be made as early as possible, or as it is commonly said, in the first instance; and if the party overlook it and take subsequent steps in the cause, he cannot afterwards revert back and object to it.

Beall *vs.* Blake.

[2.] But if the defect totally invalidates the proceedings, the defendant may at any time apply to set them aside, even though he be *in execution.*

[3.] A distinction between a mere *irregularity* and a complete *defect* in the proceedings is this: the *former* may be waived by the adverse party, but not the *latter.*

[4.] The Act of 1840, (*Cobb's Dig.* 363,) authorizing the defendant to waive process, contemplates an *actual* and not an *implied* waiver, by appearance and pleading.

[5.] Service may be inferred from appearance and pleading, but it cannot render process operative, which is so utterly vitiated with or without appearance, with or without the consent of the defendant, as to be declared by the Act of 1799 "null and void."

[6.] An order of the Court to establish a copy *declaration* only, does not extend to the process and service.

[7.] Defects in judicial proceedings which vacate the judgment, cannot be cured so as to relate back and render valid an execution issuing thereon, before the omission is supplied.

Motion to vacate judgment, in Bibb Superior Court. Tried by Judge Irwin. November Term, 1852.

Assumpsit was pending by Beall, as executor, *vs.* Blake, in Bibb. The declaration having been lost at July Term, 1850, a copy was established, and at the same term judgment was confessed by Blake's attorney and entered up by plaintiff. The established declaration had *no process* attached, or waiver thereof, nor any entry of service by the Sheriff, or waiver thereof.

At July Term, 1851, an *ex parte* order was taken, reciting the above want of process, &c. and then directed the Clerk to annex process and to enter Sheriff's return of service thereon *nunc pro tunc,* but which has never been done.

During the progress of the assumpsit, Blake had filed a bill enjoining said action. At the said July Term, 1850, said injunction was dissolved, (immediately preceding the confession at Common Law.)

In May, 1852, a *ca. sa.* was sued out on the judgment in assumpsit, and he was arrested, and filed his *illegality* on grounds set out therein, but the illegality, at November Term, 1852, was abandoned, (under a decision published that spring

Beall *vs.* Blake.

or summer) and at said November Term, Blake made a motion to *set aside* the judgment and *ca. sa.* This motion, by consent, was heard before Judge *Irwin,* who ruled that the judgment was *null and void,* and that the judgment and *ca. sa.* be set aside and the defendant be discharged from arrest.

Beall's attorney offered, on the hearing of the motion, to show by parol, that in point of fact the lost declaration had process on it, and the entry of service by the Sheriff.

Beall excepted to the last ruling of the Court; and that the Court erred in ruling the service not good, and in ruling that said Blake had not waived service. That the Court erred in all and every ruling, and in setting aside said judgment.

And on these exceptions error was assigned.

WHITTLE & HARDEMAN, for plaintiff.

RUTHERFORD & HUNTER, for defendant.

*By the Court.*—LUMPKIN, J. delivering the opinion.

The record in this case is voluminous; still the facts necessary to the decision of the points made in the bill of exceptions are few.

Nathaniel H. Beall, as executor of Rebecca Bostwick deceased, caused Samuel R. Blake to be arrested on a *ca. sa.* purporting to have issued upon a judgment in Bibb Superior Court.

The defendant moved to vacate this judgment, upon the ground that it appeared from the record in the case, that no process had been attached to the declaration by the Clerk, and that there was no evidence thereon that the writ had ever been served by the Sheriff, or that service had been acknowledged by the defendant.

It seems that while the Common Law action was pending, Blake, the defendant, filed a bill enjoining the proceeding; that a verdict and decree were rendered against him on the bill, and that afterwards, to wit, in July, 1850, when Beall

moved in the Common Law suit, the declaration was lost, and thereupon, upon the application of the plaintiff, Beall, the Court, passed the following order :

" It appearing to the Court that the original declaration in the case has been lost, and that the within is, in substance, a true copy, it is ordered that the same be established in lieu of the original, and received and used as such, and that the cause do proceed."

The copy thus established is contained in the transcript of the record sent up to this Court. It contains neither *process* nor *service*.

Upon this copy a confession of judgment was entered by the Messrs. Hines, attorneys for Blake, for the plaintiff's demand, together with cost of the suit.

At July Term, 1851, twelve months after the foregoing order was taken, and after judgment had been entered up against the defendant, another *ex parte* order was taken, which is in these words:

" It appearing to the Court, that in establishing a copy writ in the case of Nathaniel H. Beall, executor, &c. against Samuel R. Blake, it was omitted to enter a copy of the service by the Sheriff and also the process, it is now ordered that the Clerk of this Court do make said entries on said copy writ, *nunc pro tunc*."

After hearing argument, the Circuit Judge decided that the judgment on which this *ca. sa.* issued was null and void, on the ground that it did not appear from the record or papers of file, that there ever was a process attached to the original declaration, or that the same had been waived by the defendant. Neither did it appear that process had yet been attached to the established copy, or waived, or that either the original or copy was ever served upon the defendant, or waived by him ; and that the several orders taken to perfect the pleadings and record in said cause do not purport to give, nor do they give authority to any one to attach process to the original declaration or to the copy established in lieu thereof.

To this judgment, as well as to the refusal of the Court to

Beall *vs.* Blake

permit the party at the time of the hearing to go into original proof, that process was in fact attached to the original declaration, and that the defendant was duly served by the Sheriff, Beall, by his attorneys, excepted.

The Act of 1799, after prescribing the manner in which process shall be sued out and returned, declares, that all process issued and returned in any other manner, shall be null and void. *Prince*, 420, 421.

[1.] Now, it is contended that this objection comes too late, and that all *irregularities* are cured by appearance and pleading.

We do not question this position. It is sound law. 2 *Cranch*, 498. 7 *Johns. Rep.* 209. 3 *Hen. & Munf.* 309. But simple *irregularities* are not complained of in this case, but a defect, which vitiates the proceedings *in toto*. And the distinction in numerous cases by this and all other Courts is, that objections or applications to set aside proceedings for *irregularities* should be made the first opportunity the party has to bring his complaint before the Court, and before the party committing the error has taken any further step in the cause. 2 *Taunton*, 243. *Evans vs. Rogers*, 1 *Kelly*, 463.

[2.] But if the defect totally invalidates the proceedings, the defendant may at any time apply to set them aside, even though the defendant be *in execution*. *Sellon's Practice*, *Amer. ed.* 101. 5 *Durnf. & East*, 254. 3 *East*, 155. 4 *Barn. & Ald.* 288. 1 *Boss. & Pul.* 383. 2 *Boss & Pul.* 110, 589. 1 *Taunton*, 59. 5 *Taunton*, 664. 2 *Price*, 9. 1 *Chitty's Rep.* 400. 2 *Chitty's Rep.* 237, 239.

[3.] Another distinction deserving of notice, and established by the works on pleading and practice, as well as the adjudicated cases, between a mere *irregularity* and a complete *defect* in the proceedings is, that the *former* may be waived by the adverse party, but not the *latter*.

We are clear, therefore, that the defect in this case was not cured either by the admissions of the defendant in his bill in Chancery that suit was pending against him at Law, or the confession of counsel for him in said suit.

[4.] Nor is the plaintiff aided, in our judgement, by the Act of 1840, which declares, "that whenever a defendent to a suit in Law or Equity in this State, acknowledges service and waives process, it shall not be necessary for the Clerk to attach a process." *Cobb's New Digest,* 363. The waiver contemplated by this Statute, is one obviously to be made at the commencement of the suit, and before the same is brought into Court and filed with the Clerk, and it evidently intends an *actual* waiver, and not that which is *implied,* as at Common Law, by appearance and pleading.

[5.] *Service* might be inferred from appearance and pleading, but it cannot render *process* operative, which is so utterly vitiated, with or without appearance, with or without the consent of the defendant, as to be declared "null and void.

[6.] Now, how stands the record, so far as the attempt has been made to cure this defect? The first order, taken at the July Term, 1850, was to establish a copy of the *declaration* only. No mention is made whatever of the process or service. The next order, taken a year afterwards, and without notice to the defendant, directs the Clerk to make these additions to the copy, as a thing which had been omitted to be done under the first order. But the record shows that no proof was offered when that order was taken, that any process ever was attached to the original declaration or that service was perfected thereon. Nor did the order direct these deficiencies to be supplied. It simply authorized the substitution of the copy writ in lieu of the original, which was done. Now, while all presumptions will be made in favor of the judgments of Courts of general jurisdiction, we cannot presume, in the face of the facts as verified by the record itself, that that was done, which was not even attempted to be done. This, instead of sustaining the order, would be to add to it.

[7.] And up to the time when application was made to vacate this judgment, no attempt ever was made to make it appear, that process was attached to the original writ. Nor did the order establishing a copy in lieu of the lost declaration profess to adjudicate that process was or was not attached

by the Clerk. Had this been done, and the Clerk had omitted to attach a copy of the process, as directed by the Court, a *nunc pro tunc* order might have been awarded to supply the omission, which would relate back to the time when it should have been entered, and thus sustain the judgment upon which this execution against the body of the debtor has been issued. But the record, I repeat, utterly disproves any such assumption. And the attempt, at this late day, to resort to original proof to supply the defect in the proceedings, so as to retain the defendant in custody under the execution upon which he has been already arrested, cannot be sanctioned.

Judgment affirmed.