BOARD OF TRUSTEES OF PRAIRIE LODGE, No. 87, A. F. AND A. M., *v.* E. H. SMITH.

1. AMENDMENT. *Of declaration. Changing character of defendants.*
    In an action at law against certain individuals as agents, or a committee, or trustees of a certain Masonic lodge, it is proper for the court to allow the plaintiff to amend his declaration so as to charge the defendants in their true character as a corporation, where the original and amended declarations would seek the same end — the subjection of certain property to the plaintiff's demand.

2. SAME. *Of declaration. Changing character of action.*
    A proceeding to enforce a mechanic's lien may be changed by amendment to a simple action of *assumpsit*. *Duff* v. *Snider*, 54 Miss. 245, cited.

3. CORPORATION. *Having right to contract. Power to accept an order.*
    Where a corporation has the right, under its charter, to make all contracts necessary for the erection of a specified building, it has the power to accept for payment an order in favor of a material-man, drawn by the contractor for the erection of the building, and payable out of the money due the latter by the corporation.

4. SAME. *Contract under its charter. Action thereon. Invalidity of charter pleaded.*

Where a corporation having the power to contract for the erection of a certain building has made the contract for such purpose, and received the benefit thereof by the erection of the building, it cannot avoid its liability, in an action for the money due upon such contract, by showing that the provision of its charter authorizing the erection of the building is invalid.

5. PLEADING.   *Defective declaration against a corporation.   Practice.   Demurrer extended back.*

A declaration against a corporation founded on an order alleged to have been accepted by its treasurer should aver his power to accept the same in behalf of the corporation. But in case such averment is not made, and the defendant fails to demur for such defect, a demurrer filed by the plaintiff to the pleas of the defendant cannot be extended back to the defect in the declaration, if the declaration implies that the treasurer was acting under the authority of, and for the corporation.

ERROR to the Circuit Court of Lee County.

Hon. J. A. GREEN, Judge.

The case is stated in the opinion of the court sufficiently to elucidate the points announced in the decision.

*Buchanan & Houston,* for the plaintiff in error.

1. We submit that, by the plaintiff below dismissing his petition against the committee, consisting of A. Babbitt and others, as garnishees, and filing the declaration charging them as a corporation, the court lost jurisdiction of those parties. A corporation is a distinct entity, as distinguished from the individuals who compose it. Can you sue the president of a corporation in his individual capacity, and recover judgment against the corporation of which he is president, in such suit?

In the case of *Duff* v. *Snider*, 54 Miss. 251, Snider, who had built a house on Mrs. Duff's land, after her refusal to pay for the same, instituted a proceeding against her and the house to enforce his mechanic's lien, alleging that she owned the house and land, and that she owed the money to him. Then the court permitted Snider to change the form of action as against her from a proceeding to enforce a mechanic's lien to *assumpsit* — the declaration in *assumpsit* being for the same indebtedness, evidenced by the same proof.

In the case at bar, the suit originally was not an action to

enforce a mechanic's lien, but a statutory suit in the nature of a suit in *assumpsit* against the contractors, Carlton & Scott, with a statutory proceeding in the nature of a garnishment against A. Babbitt and others. The contractors were sued as primarily liable, but by the amendment the corporation, in lieu of the garnishees, are sued as primarily liable, and the contractors as secondarily liable. It is as if an attachment against A., with garnishment against B., was amended into an attachment against B., with garnishment against A.

We submit that sect. 621, Code of 1871, confines the amendment to the parties originally sued, or who are sued in the same capacity.

2. The court erred in admitting in evidence, on the trial of said cause, the writings sued on.

*a.* The same were not accepted by the corporation, nor did they purport to be so accepted. If accepted by A. Babbitt, the acceptance could only bind himself    See 1 Dan. Neg. Inst. p. 396, sect. 489 ; p. 250 *et seq.*, sects. 305–310 ; pp. 337–340, sects. 412–414 ; p. 324, sect. 394. This was not a trading corporation, therefore the discretion vested in the trustees as a whole did not by implication carry with it power to delegate that trust to any less number than the whole. See *Cummings* v. *Parish*, 39 Miss. 413 ; 5 Denio, 567.

*b.* The charter under which the plaintiff proposed to hold said trustee liable as a corporation was, in so far as it purported to authorize the making of said acceptances or of incurring said debt, unauthorized by law, and void.

The charter was obtained under art. 1, chap. 55, Code of 1871, sect. 2397 *et seq.*, previous to the act of 1877, p. 43, and these transactions occurred before the passage of the act of 1877. The charter could convey authority to the corporation only so far as it was authorized by the Code. The Code provisions are to be strictly construed. See Potter's Dwar. on Stat. 185, 186 ; Id. 263 (citing *The People ex rel.* v. *Nelson*, 46 N.Y. 479 ; 7 Barn. & Cress. 100) ; 1 Dan. Neg.

Inst. 309, sect. 378 (citing Dartmouth College case). Said charter, then, in so far as the same purported to grant the power to erect a building such as was erected by plaintiff in error, as shown by the proof, and for the purposes for which the proof shows the same was erected, — to wit, to be held by said corporation for the purpose of accumulating money by renting the same out to parties indifferent, as shown by the proof, — was unauthorized by the statute, null and void. But this charter itself did not authorize the erection of such a building by the said trustees. The building to be erected, in the contemplation of said charter, was to be a Masonic temple in deed as well as in name, and was to be held by said corporation for the exclusive use, benefit, and behoof of another corporation, to wit, Prairie Lodge, No. 87, A. F. and A. M., and whose existence was recognized in said charter. The stockholders were to derive no benefit from it save through the increased usefulness of said lodge. The trustees were the mere agents — clothed with an expressed trust, but having no necessary interest or stock in said corporation — representing the said Prairie Lodge and the said stockholders, and having only limited powers. Of all of this, plaintiff was bound to take notice, first, because he was bound to know the law ; and, second, because he knew they were agents, and was bound to inquire the extent of their authority. Field on Corp., sects. 157, 160, 199, 202, 203 ; 101 U. S. 78 ; 41 Miss. 511.

He was bound, further, to inquire whether said trustees were authorized to erect the building or to make said acceptances, and to ascertain whether they were erecting it for the proper use or not. Plaintiff in his declaration does not claim that said building was for the use of said Prairie Lodge, but alleges that the contractors were to erect a building for the board of trustees.

c. The corporation had no power to accept orders, and the writings sued on constituted no cause of action against it.

Field on Corp., pp. 66, 67, sect. 53 ; p. 61, latter part of note 1, commencing on p. 58 ; p. 274, note 2 ; 41 Miss. 511.

3. The court erred in overruling the motion for a new trial. The verdict of the jury was against the law and the evidence.

*J. W. Buchanan*, of counsel for the plaintiff in error, argued the case orally.

*Houston & Reynolds*, for the defendant in error.

1. The first error assigned is, that the court allowed the amendment to be made changing the action from a petition to enforce a mechanic's lien for material furnished Carlton & Scott as contractors, and against the trustees as owners and debtors of Carlton & Scott, to an action of *assumpsit* on the orders drawn by Carlton & Scott and accepted by the trustees.

The petition to enforce the mechanic's lien was founded upon the two orders of Carlton & Scott, and they were the cause of action in the declaration in *assumpsit*. The cause of action was the same.

The execution of the orders, the indebtedness of Carlton & Scott, the power of the trustees to make the contract for the building of the Masonic temple, and the indebtedness of the trustees to Carlton & Scott, were the matters in contestation in both of the complaints.

Amendments " in the form of the action," " so as to bring the merits of the controversy fairly to trial," are authorized by statute, and, in cases very similar to the one at bar, are approved by this court. Code 1871, sect. 621 ; *Weatherby* v. *Sinclair*, 43 Miss. 189 ; *Duff* v. *Snider*, 54 Miss. 245.

2. It is a mistake to suppose that the petition to enforce the mechanic's lien was brought against the trustees as individuals. They are described in the petition as " trustees of Prairie Lodge, No. 87," and they, as trustees, are called upon to defend the action.

3. The orders sued upon were properly admitted as evidence.

It is objected that they were not accepted by the plaintiff in

error, but, if accepted by any one, it was the individual acceptance of A. Babbitt, and that to bind the corporation the consent of the entire board must be shown.

The complaint did not aver an acceptance in writing, and whether the orders were accepted or not was for the jury to decide. The orders could not be excluded as evidence because they did not show on their face an acceptance.

The power of corporations to contract by agents is settled. The agency may be shown by implication from course of dealing, as well as by express resolution, unless there is some provision in the charter directing in what manner agents shall be appointed, or what officers shall contract for the corporation. 1 Dan. Neg. Inst., sects. 387, 388, and authorities cited in note 1, sect. 388; Field on Corp., sects. 208, 209; *Abby* v. *Billups*, 35 Miss. 618; *Petrie* v. *Wright*, 6 Smed. & M. 647.

The words, "Presented, A. Babbitt, treasurer," written on the orders, are an acceptance of the orders by the corporation. 1 Dan. Neg. Inst., sect. 497; 1 Pars. on Notes & Bills, 282. But we rely mainly on the testimony as showing that the orders were presented to Babbitt as treasurer, authorized by the acquiescence of the trustees to bind them by his acceptance, and that he verbally accepted the orders, to be paid out of the first money due Carlton & Scott on their contract.

The authority of Babbitt to accept may be shown by the course of dealing, usage, or other facts which would establish the agency as between private individuals. Field on Corp., sects. 163–202.

The next objection is that the corporation had no power to contract the debt or make the acceptance.

The charter authorizes the board of trustees to construct a Masonic temple. The contract with Carlton & Scott is for the erection of a Masonic temple. The orders were given for lumber used in the construction of the temple. The corporation had power to make the contract for the payment of the lumber, and in every case where it may contract it may execute a note, order, or bill in discharge or payment. 1 Dan.

Neg. Inst., sect. 382, and authorities cited in note 3 ; Field on Corp. 306, sect. 271.

But it is urged that the lodge had no interest in the building which was erected ; that it was built by a stock subscription, and was used for pecuniary profit and not for charity.

If the contract for the erection of the building is *ultra vires*, or, rather, if the building erected be a different one from that which was authorized to be built, the defence cannot avail plaintiff in error in this case, and for the following reasons :

*a.* Smith was bound to look alone to the contract which was made between Carlton & Scott and the trustees, and this was for the erection of a Masonic temple. The misapplication of the use of the building could not affect him.

*b.* The contract between Smith and the trustees had been executed, and the corporation had received the consideration and fruits of the same, and had appropriated them to its use. *Bradley* v. *Ballard*, 55 Ill. 417 ; *Gas Co.* v. *San Francisco*, 9 Cal. 453 ; *Hazlehurst* v. *Savannah R. Co.*, 43 Ga. 54 ; *Parish* v. *Wheeler*, 22 N. Y. 494 ; 32 N. H. 297 ; 7 Wall. 413.

*R. O. Reynolds*, of counsel for the defendant in error, argued the case orally.

GEORGE, J., delivered the opinion of the court.

The second amendment of the declaration was properly allowed. It was necessary to the attainment of justice. It was no objection to it that it changed the character in which the defendants were sued. They were proceeded against in the original declaration as agents, or a committee, or trustees of the Masonic lodge. It was afterwards discovered that they were a corporation, and it was proper to amend in order to charge them in their true character. The end sought in both declarations was to subject the same property to the plaintiff's demand.

It was also a proper exercise of the power of amendment to allow a change of the proceedings from a suit to enforce a

mechanic's lien to an action of *assumpsit* pure and simple, as was expressly decided in *Duff* v. *Snider*, 54 Miss. 245.

On the merits of the controversy, it is insisted that the contracts sued on were *ultra vires* the corporation. These defendants obtained a charter, approved by the governor and attorney-general, under the general incorporation law contained in chap. 55 of the Code of 1871. The terms of this charter gave full power to make the necessary contracts for the building of the Masonic temple in Okolona. The orders sued on were drawn by the contractors for building the temple,' in favor of a material-man, payable out of the amount due on the contract of the defendants. They had a right to accept these orders, as they were an appropriate means of securing to the material-man his legal right to have payment made out of the amount due by the defendants to the contractors. But it is insisted that though the power to make these contracts may be within the terms of the charter, yet the provisions of that instrument authorizing these contracts are themselves illegal, since they provide for the erection of a building, not for charitable purposes, but for pecuniary gain to the members of the corporation. If this were true, it could not avail the defendants here. They procured the charter with the provision contained in it giving the power to make the contracts sued on. Every member of the corporation became such under this charter, and they assented to the exercise by the corporation of the power to make the contracts. They did make the contracts, and received the benefit of them in the erection of the building, which is now their property. They will not be permitted now to allege the invalidity of their charter in defence of an action to compel them to pay for the benefit thus received. The question presented is different from that which would be presented if the contract were made by the managers without the consent of the corporators, and also without the powers specified in the charter. In that case the stockholders, as principals, might possibly be allowed to aver the want of power in their agents, the managers,

to bind them, and that they had been thus compelled to enter into a business outside of the scope of their agreement. Yet in that case it has been held that if the stockholders receive the benefit of the contract they cannot refuse to pay the price of what they have appropriated. Here, however, the complaint is, not that the managers have exceeded their granted powers as contained in the charter, but that the stockholders have included in their charter powers not, it is true, *per se* illegal and improper, but only objectionable because the law does not allow them to be exercised by a corporation formed as this was. If this argument should prevail, it would show only that the stockholders were private partners, and liable individually instead of as members of a corporation, for the powers in the charter are such as individuals and partners may legally exercise; and if the charter be void as an act of incorporation, it would nevertheless be valid as an agreement for a private and unincorporated association. Treating them as they held themselves out to the world — as a corporation — can work no injury, but is a real benefit to them, since their liability is restricted to the joint or corporate property. Besides, they should not be allowed to deny the character in which they held themselves out to the world and contracted. If the charter is illegal and the corporation is invalid, the State may deprive them of the franchise by *quo warranto* proceedings.

The amended declaration was defective in not averring the powers of Babbitt, the treasurer of the defendants, to accept the orders, it being averred that they were accepted by him; but it was not demurred to. The attempt now is to extend the demurrer filed specifically to the plea, back to this declaration. But this can be done only where the declaration is so defective that judgment according to law and the right of the cause cannot be given. Code 1871, sect. 611; *Shoults* v. *Kemp*, 57 Miss. 220. The defect here is not of that character, for the implication is that Babbitt, the treasurer of the

defendants, was acting, under authority from them, on their behalf.

The jury were warranted by the evidence in finding that Babbitt had authority to accept the orders for the corporation.

Whether the amounts named in the orders were due to the contractors at the time of the acceptance, or ever became due to them afterwards, is controverted in the evidence. Probably the preponderance of the evidence is against the conclusion reached by the jury. But the question was submitted to them fairly by the charges of the judge, and they chose to believe the witnesses who testified for the plaintiff, and we cannot say that it is clear that they erred.

The judgment is affirmed.