## W. B. RAPER, *et al.*, v. T. J. HARRISON.

1. REPLEVIN — *Demand, When Not Required.*    Where a defendant in a replevin action places his defense upon title in himself and the right of possession incident thereto, and does not rely on want of demand by the owner, and it appears that a demand would have been vain and unavailing if made, no proof of demand and refusal is required.

2. PLEDGE — *Delivery.*    To constitute a pledge, an actual delivery of the property to the pledgee is essential.

*Error from Shawnee District Court.*

REPLEVIN by *Harrison* against *Raper* and wife.    Judgment for plaintiff, May 21, 1885.    The defendants bring the case here.    The opinion states the facts.

*H. H. Harris*, for plaintiffs in error.

*A. H. Case*, for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.: T. J. Harrison brought an action before a justice of the peace, to recover from W. B. Raper and Lela Z. Raper the possession of a cow, alleging that she was of the

value of $35, and was wrongfully detained by them, and that he was entitled to her immediate possession. An appeal was taken from the judgment of the justice to the district court, and a trial in that court with a jury resulted in a verdict in favor of Harrison. Harrison had rented a portion of a farm owned and operated by the plaintiffs in error. He claimed, and offered testimony to show, that early in the year he borrowed $25 from them, to be paid from the proceeds of the crop, and told them that he would allow the cow in question to stand as security for its repayment. He further claimed that in their dealings he discharged the debt for which the cow was to stand as security, and that notwithstanding this, the plaintiffs in error had wrongfully taken the cow from his possession. The claim of the plaintiffs in error was, that they purchased the cow outright for $25, only agreeing that he might have the privilege of purchasing her back until the 1st of November following, by paying the amount of the purchase-money and the value of her use; but that the defendant never repurchased the cow, and therefore had neither ownership nor right of possession in her.

The only complaint made is of the charge of the court. One ground of error is the refusal of the court to charge that a demand by Harrison was essential to the maintenance of the action. It came out in the testimony of the plaintiffs in error that on one occasion when they went after the cow, Harrison told them to take her. This testimony, however, is wholly at variance with that of the defendant in error, and even with their own conduct. As a general rule, a demand is a prerequisite to an action of replevin where the possession is permissive; but a defendant may, by his conduct, obviate the necessity of such demand. If it clearly appears from the attitude and conduct of the defendant that a demand would not have affected the rights of the parties, as the issues are presented; and further, that the defendant would not have surrendered the property on demand, then proof of demand would have been fruitless and foolish, and the law will not require it. It is very obvious that the plaintiffs in error did not base

their right to the possession of the cow on the permission alleged to have been given by Harrison in November. From all the testimony it appears quite improbable that any consent was given by him; but however that may be, it is clear that they did not rely on the want of demand as a defense. Their attitude and conduct throughout the trial were inconsistent with the theory that they would have surrendered the cow on demand. They defended on the ground that Harrison made an absolute and unconditional sale of the cow in the spring, by which they acquired the right of possession. This was the issue which they made, and upon which they offered their testimony. Their defense was based on a claim wholly inconsistent with the rights and ownership of Harrison, and at no time did they indicate a willingness to yield possession if the demand had been made. Having placed their defense on title in themselves, and not on the alleged consent of Harrison, and it being manifest that demand would have been vain and unavailing, they cannot now insist upon a want of demand for their failure to surrender the property; and therefore the refusal of the court to charge that a demand was essential to the maintenance of the action, was not erroneous. (*Smith v. McLean*, 24 Iowa, 322; *Newell v. Newell*, 34 Miss. 385; Wells on Replevin, § 374.)

The fifth instruction, which is the subject of criticism, was:

"I further instruct you that if you find from the evidence that the plaintiff delivered the possession of this property to the defendants for the purpose of securing the repayment of $25, this is a valid pledge; but there can be no pledge without a delivery of the possession of the property, and the question whether this property was delivered by the plaintiff to the defendants, or either of them, is a question of fact for you to find from the evidence."

The objection is to the declaration that possession is essential to the validity of the pledge. This objection is groundless. There is a marked difference between a mortgage and a pledge, but counsel for plaintiffs in error apparently confounds them. A pledge is defined to be a deposit of personal property as security for a debt, to be kept by the creditor until

default, or until the debt is discharged. A mortgage of personal property is good if the mortgagor retains possession, but the authorities all agree that to constitute a pledge there must be an actual delivery of possession to the pledgee, and to preserve his pledge he must retain possession. (Jones on Pledges, § 23, and cases cited.)

We have examined the other objections to the charge, including the supposed assumption of fact by the court, and find nothing so misleading or erroneous as to require a reversal. The judgment of the district court will be affirmed.

All the Justices concurring.