THE FARMERS' AND MERCHANTS' BANK OF CAWKER CITY v. THE BANK OF GLEN ELDER.

1. CHATTEL MORTGAGE, *When Void — Renewal.* Every chattel mortgage filed as required by the provisions of the statute relating to mortgages of personal property is void as against the creditors of the person making the same, or against subsequent purchasers or mortgagees in *good faith*, after the expiration of one year after the filing thereof, unless, within thirty days next preceding the expiration of the term of one year from such filing, and each year thereafter, the mortgagee, his agent or attorney, shall make an affidavit exhibiting

the interest of the mortgagee in the property at the time last afore-said, claimed by virtue of such mortgage, and if said mortgage is to secure the payment of money, the amount yet due and unpaid. Such affidavit shall be attached to and filed with the instrument or copy on file to which it relates. (Gen. Stat. of 1889, ¶ 3905.)

2. CASE, *Followed.*   The case of *Howard v. National Bank*, 44 Kas. 549, followed.

3. ————— *Failure to Renew.*   A subsequent mortgagee, who becomes such before the expiration of the year from the first filing of a prior chattel mortgage, cannot take advantage of an omission to renew the chattel mortgage within the year.

*Error from Mitchell District Court.*

REPLEVIN.   The opinion states the facts.   Judgment for the plaintiff, *Bank of Glen Elder*, at the September term, 1888.   The defendant, *Farmers' &c. Bank*, brings the case to this court.

*Kelley & Thorp*, for plaintiff in error.

*A. H. Ellis*, for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.:  Replevin for a horse and a cow, of the value of $70, brought originally before a justice of the peace by the Bank of Glen Elder against the Farmers' and Merchants' Bank of Cawker City.   An appeal was taken to the district court.   In that court the plaintiff below was permitted to amend its bill of particulars twice.   To the last amended bill of particulars, or petition, the defendant below filed a general denial.   Upon the trial, at the close of the plaintiff's evidence, the defendant filed a demurrer for the reason that it failed to prove a cause of action.   The court sustained the demurrer, but allowed the plaintiff to reopen the case and introduce further evidence.   When the plaintiff finally rested, the defendant for a second time demurred to the evidence, but the demurrer was overruled.   The jury returned a verdict for the plaintiff.   Subsequently the court entered a judgment that the plaintiff recover $75.70 as its interest in the

property in controversy, and also its costs. The defendant below excepted, and complains of the judgment rendered.

It is urged that the trial court erred in permitting the plaintiff below to finally amend its bill of particulars so as to charge the Farmers' and Merchants' Bank of Cawker City as a coparternership composed of U. G. Paris and F. M. Owen, instead of a corporation, as originally alleged. "Discretion is largely vested in a trial court to allow amendments to pleadings, and such amendments will not be grounds for error, unless it is shown that there was a flagrant abuse of discretion." (*Smith v. Fullinwider*, 40 Kas. 73; *Carr v. Catlin*, 13 id. 393; *Board v. Campbell*, 17 id. 537.) The district court also has power, in the furtherance of justice, to permit the amendment of a petition by striking out one name and inserting another, when it is shown that the first name was used by mistake. (*Bank v. Tappan*, 6 Kas. 456; *City of Atchison v. Twine*, 9 id. 350; *Hanlin v. Baxter*, 20 id. 134; *Weaver v. Young*, 37 id. 70.) The trial court, in its discretion, had the power, after sustaining the first demurrer to the evidence, to reopen the case and permit further evidence to be introduced. (Civil Code, § 139; *Cook v. Ottawa University*, 14 Kas. 548; *Railroad Co. v. Dryden*, 17 id. 278.)

It is further urged that the trial court erred in overruling the objection to the introduction of any evidence under the second amended bill of particulars or petition. It is said that there was no allegation of any demand for the property prior to the commencement of the action. The defendant, upon the trial, attempted to show title in itself, and the right of possession incident thereto, under a chattel mortgage dated the 8th of March, 1886, and which was attempted to be renewed the 31st of March, 1887. Therefore no proof of demand and refusal was required. (*Raper v. Harrison*, 37 Kas. 243; *Bogle v. Gordon*, 39 id. 31; *Machine Co. v. Mann*, 42 id. 372.)

The bill of particulars or petition, however, as amended, stated that the plaintiff below claimed special ownership of the property under a mortgage executed by R. H. Mattern to the plaintiff through J. C. McNerney, the cashier of the plain-

tiff. The amended pleading also alleged that R. H. Mattern, at the time that he executed the chattel mortgage, was the absolute owner of the property described therein, and had the lawful authority to mortgage and incumber the same; that the debt secured by the mortgage had become due and payable, and the mortgagor was in default; that the plaintiff was entitled to the immediate possession of the property; that the defendant wrongfully, unlawfully and unjustly detained the same from the plaintiff, and wholly deprived the plaintiff from all use and benefit thereof. These allegations were sufficient, as against the general objection to the introduction of any evidence, to show that the detention of the property by the defendant was wrongful, and a demand and refusal might have been properly offered in evidence, if it were necessary, under *Raper v. Harrison*, supra, to establish a demand and refusal. If the amended pleadings were not sufficiently specific, they could have been amended on motion of the defendant below.

It is finally urged that the trial court erroneously instructed the jury as follows:

"That in no event can the defendant prevail in this action on account or by virtue of any rights claimed to have accrued to it under and by virtue of the chattel mortgage offered in evidence. Such chattel mortgage of defendants, not having been shown by the evidence to have been renewed as is required by law, is of no force as to the plaintiff's mortgage, if any mortgage plaintiff had upon the property in controversy."

Upon the same ground, the trial court withdrew from the consideration of the jury the renewal affidavit of the chattel mortgage executed March 8, 1886, and filed March 10, 1886. This renewal is referred to in the record as "Exhibit H," and was filed March 31, 1887—more than a year after the filing of the mortgage of March 10, 1886. One mortgage of the plaintiff below was filed April 17, 1886, and the other mortgage, called "Exhibit A," was filed May 12, 1886. Both of these mortgages were subsequent to the mortgage of de-

fendant below of March 10, 1886. The instruction was erroneous, under the authority of *Howard v. National Bank*, 44 Kas. 549 (24 Pac. Rep. 983). It was said in that case:

"A subsequent mortgagee with notice of prior mortgage is not a subsequent mortgagee in good faith, under ¶ 3905 of the General Statutes of 1889. The words 'subsequent purchasers' and 'subsequent mortgagees in good faith,' in ¶ 3905, mean only purchasers and mortgagees who purchased or took their mortgages after the expiration of the year from the filing of the mortgage."

Jones on Chattel Mortgages, (3d ed.,) § 293, states the rule in the same way:

"Purchasers or mortgagees, who become such before the expiration of the year from the first filing, cannot take advantage of an omission to refile the mortgage. Such purchasers or mortgagees have notice of the existing mortgage, and take title subject to it. The statute was intended to prevent imposition upon them, and not to relieve them from incumbrances valid against them when they acquired their own title. They stand in the same position the mortgagor was in when they took their title from him." (See the authorities there cited.)

The decisions in Michigan and Ohio are contrary to this rule, but the great weight of authority is as stated in the prior decision of this court.

Again, ¶ 3906, Gen. Stat. of 1889, reads:

"If such affidavit be made and filed before any purchase of such mortgaged property shall be made, or other mortgage deposited, or lien obtained thereon, in good faith, it shall be as valid to continue in effect such mortgage as if the same had been made and filed within the period above provided."

It was also said in the Howard case, *supra*, that ¶ 3905, Gen. Stat. of 1889 —

"Does not include intermediate purchasers or mortgagees. This construction is based upon reason. He who purchases after the year has expired during which a mortgage remains in force has a right, in the absence of the renewal affidavit, to suppose the mortgage has been paid, even though not released on the record. But he who purchases before the year

expires takes with notice of the mortgage and the rights of the mortgagee under the same."

Therefore, the plaintiff below, having taken a second chattel mortgage soon after the filing of the first mortgage, was not a subsequent mortgagee in good faith, so as to have a prior lien to the first mortgage, although the first mortgage was not properly renewed within the year.

Upon the oral argument, the sufficiency of the record was challenged, and the claim was made that there is nothing here for review. We must decide in favor of the sufficiency of the record.

In *Ryan v. Madden*, ante., p. 245, it was ruled that—

" Where there is attached to a petition in error a case-made in which are found what purport to be copies of the pleadings and proceedings in the cause, but which are not specifically referred to and identified by marks or numbers, and there is attached to the case-made a certificate of the judge and the attesting signature and seal of the clerk, the presumption will be that the copies of the pleadings and proceedings therein are what they purport to be, and that all were included in the case-made when it was served upon the defendants and settled and signed by the judge."

The judgment of the district court will be reversed, and the cause remanded for a new trial.

All the Justices concurring.