## EVOY v. EXPRESSMEN'S AID SOC.

(Supreme Court, General Term, Fifth Department.   January 18, 1893.)

1. WRITS—AMENDMENT—NAMES OF DEFENDANTS.

In an action on a certificate of insurance issued in the name of defendant, the Expressmen's Aid Society, to plaintiff's husband, plaintiff sued defendant as a foreign corporation. The answer alleged that defendant was a voluntary association, and not a corporation. *Held*, that plaintiff's motion to amend the title of the summons so as to substitute as defendants the names of the persons constituting this voluntary association was properly granted, plaintiff having sued the right body of persons, but under the wrong name, being misled by the conduct of the parties carrying on the business in the name of the "Expressmen's Aid Society."

2. SAME—WHO MAY APPEAL FROM ORDER.

Even if the appeal from the order granting the motion could have succeeded if taken by the parties who were brought in and substituted in place of defendant, it could not be successful when taken in the name of a corporation having no existence.

Appeal from special term, Erie county.

Action by Ada Evoy against the Expressmen's Aid Society to recover on a certificate of insurance issued to plaintiff's husband. From an order amending the summons by inserting as defendants, in place of the Expressmen's Aid Society, the names of the persons composing a voluntary association doing business under the name of the "Expressmen's Aid Society," defendant appeals. Affirmed.

Argued before DWIGHT, P. J., and MACOMBER and LEWIS, JJ.

E. C. Sprague, for appellant.

Duckwitz, Thayer & Jackson, for respondent.

MACOMBER, J.   This action was brought to recover the sum of $2,000 upon a certificate of membership and insurance issued in the name of the defendant to the husband of the plaintiff, payable to the plaintiff, as the wife of the insured, James G. Evoy. The allegation of the original complaint was that the defendant was a foreign corporation, organized under and by virtue of the laws of the state of Ohio. The answer alleged that the defendant was a voluntary association, and not a corporation. A motion was accordingly made by the plaintiff to amend the title of the summons so as to substitute in the place of "Expressmen's Aid Society" the names of the persons constituting this voluntary association. The moving affidavits show that the defendant had no president or secretary residing in the state of New York.

We think the order in this case was properly made. The appeal is taken in the name of the "Expressmen's Aid Society." The order, as made and entered, required the respondent to serve all the defendants named as constituting the persons forming the voluntary company. There is no doubt but that the plaintiff intended to sue the company doing business under the name of the "Expressmen's Aid Society." She made a mistake in the name of the parties conducting the business in the name of that company. The person served was a member of the voluntary association. The action appears, therefore, to have been brought against the right body of persons, but under the wrong

name, and hence it was eminently proper for the court to make the amendment asked for in the notice of motion. There is no such corporation as the "Expressmen's Aid Society," but there is a body of men doing business under that name, one of whom, it was shown, was served with the original process in the action against the "Expressmen's Aid Society." The case is unlike those relied upon by the learned counsel for the appellant, where a party had actually sued a real corporation for a cause of action existing against a copartnership. But there is no such complication in the papers on this appeal. Indeed, opposition to the motion seems to have been rather technical than substantial; for, even if the appeal had been taken by the parties who were brought in and substituted in the place of the defendant, they would hardly be expected to succeed, for the reason that their own conduct, by using the name of "Expressmen's Aid Society" in the transaction of their business, misled the plaintiff. Much less could the appeal be expected to be successful when taken in the name of a corporation that had no existence whatever. The special term, we think, properly refused to impose any terms of making the amendment. This manifestly was upon the ground that the plaintiff had been misled by the conduct of the parties carrying on the business in the name of the "Expressmen's Aid Society." The order appealed from should be affirmed.

Order appealed from affirmed, with $10 costs and disbursements. All concur.