### 356. AUSTIN *v.* FERST'S SONS COMPANY.

RUSSELL, J. 1. All exceptions to petitions and pleas shall be taken at the first term. If a plaintiff's petition is insufficient in law, or for any reason is not sufficiently full to enable the defendant to plead thereto, the defendant must make his objections at the first term, or he will be held to have waived any objection which can be cured by amendment.

2. There was no error in allowing the plaintiff's petition to be amended by adding the name of his counsel. *Currie* v. *Deaver,* 1 *Ga. App.* 11, 57 S. E. 897; *Gillis* v. *Atlantic Coast Line R. Co.,* 127 *Ga.* 678, 56 S. E. 1003.

3. The failure to pass an order allowing an amendment was immaterial, when the trial judge, in his order overruling a demurrer, used the language: "The demurrer is overruled after amendment allowed;" the amendment proposed being clearly stated in writing, fully entitled in the cause, and signed by counsel, and the only omission being the signature of the judge. When the paper containing such an amendment has been entered upon the minutes, and such minutes have been approved and signed by the judge, the writing is fully identified, and the amendment authorized.

4. There was no error in allowing the petition to be amended by adding thereto the name of the plaintiff's attorney, nor by alleging that the account was due and unpaid, and that the defendants were a partnership composed of named individuals. *Perkins Co.* v. *Shewmake,* 119 *Ga.* 617, 46 S. E. 832. The words "M. Ferst's Sons and Company" do not import a corporation.

5. Evidence that the defendant admitted that the account sued upon was correct is not rebutted by the defendant's plea, although sworn to. The pleadings only form the issue. Admissions therein contained may be used against the party making them, but affirmative statements made by him in his own behalf have no probative value, when in conflict with sworn testimony delivered on the trial. The proof submitted was sufficient to prove the correctness of the plaintiff's account.

6. The charge of the court was not, for the reasons assigned, erroneous.
*Judgment affirmed.*

Complaint from city court of Nashville—Judge Peeples.  October 6, 1906.

Submitted May 14,—Decided May 24, 1907.

*Hendricks, Smith & Christian,* for plaintiff in error.

*J. O. Sirmans, Buie & Knight,* contra.