# The Standard Hay & Grain Co. v. Ratliff Bros.

(Decided June 8, 1911.)

## Appeal from Nicholas Circuit Court.

1. Attachments—Motion to Discharge in Vacation—Since the only authority for a motion to discharge the attachment in vacation is found in section 268, Civil Code, the provisions of that section must control, and the only power given to the trial judge under that section is to determine whether or not the attachment has been issued contrary to the provisions of article 1, and this must be determined from an inspection of the papers.

2. Judgment—Against Defendants as Partnership When Sued as Corporation—It was not error to render judgment against defendants as a partnership, though sued as a corporation, because by the answer they disclose this fact, and sought as a partnership to recover a judgment against plaintiffs.

BYRNE & READ for appellant.

HOLMES & ROSS for appellee.

OPINION OF THE COURT BY JUDGE LASSING—Affirming.

W. B. and C. C. Ratliff, as partners, under the firm name of Ratliff Brothers, instituted a suit in the Nicholas Circuit Court against The Standard Hay & Grain Co., wherein they sought to recover $474.87, balance on account for merchandise sold and delivered to said company. They alleged that the defendant was an Ohio corporation, with its principal place of business and post office at Cincinnati, Ohio, and, on the ground of non-residence, procured an attachment to be issued and levied upon certain property as that of the defendant. A few days after the institution of this action and levy of attachment the defendants entered a motion to discharge the attachment, and in support of said motion filed the affidavits of W. H. Weber and Henry H. Heile, Jr. In their affidavits they stated that they were partners, doing business under the name of The Standard Hay & Grain Company, that said company was not a corporation, and that they each lived in Kentucky, the one in Boone County and the other in Kenton County. They alleged that they owned personal property over and above their liabilities in the sum of $10,000 each. This motion to discharge the attachment was taken under submission by

the judge in vacation and overruled, on the ground that the Code provision does not authorize a trial of the attachment in vacation. Thereafter the defendants filed their answer and set-off and counter-claim. In this they denied owing plaintiffs any sum whatever, set out the account between them, and alleged that, upon a proper showing, the plaintiffs were indebted to them in the sum of $250.67, for which they prayed judgment. They also pleaded that they were a partnership, the members of which each lived in Kentucky. The affirmative matter in the answer was traversed. The allegation as to the residence of the defendants was traversed in an amended reply, filed October 3, 1910, and, on the same day, a judgment was entered dismissing the set-off and counter-claim of defendants and giving to plaintiffs judgment for the full amount sued for, with an order sustaining the attachment. The judgment recites: "This cause coming on for trial on motion of plaintiffs, it is heard by the court on the pleadings and upon proof introduced," etc. No bill of evidence or exceptions was filed.

This appeal is prosecuted from that judgment, and a reversal sought here on two grounds. First, it is insisted that the court erred in not discharging the attachment upon the motion made in vacation, and second, that on the pleadings the plaintiffs were not entitled to a judgment.

Section 268 of the Code provides that,

"The defendant, on reasonable notice to the plaintiff, may, at any time before the term next after the levy of the attachment, move the judgment of the court, in vacation, to discharge the attachment, on the ground of its having been issued contrary to the provisions of article 1 of this chapter; and the judge, on an inspection of the papers in the action, or of authenticated copies of them, shall have the same power of discharging the attachment, by his written order, filed by the clerk, as he would have in court; and shall have like power to permit amendments by the plaintiff."

It will be observed that this section of the Code makes no provision for any proceedings on the part of the defendant further than on motion to discharge on the face of the papers. There is no provision by which the court is authorized to hear evidence, but he may consider only the question as to whether or not the attachment has

been issued contrary to the provisions of article 1. Article 1 states the ground upon which an attachment may be issued, how it is obtained, how it is to be executed, what the officer's return must show, the disposition that has been made of the attached property, and the proceedings upon the attachment—that is, how the attachment may be discharged, the duty of garnishees, what disposition shall be made of attached property where the judgment is for the defendant, the application of the proceeds where it is for the plaintiff, procedure as to real property where it is attached, disposition to be made of the surplus where the property sells for more than enough to satisfy the attachment, etc. But there is nothing in article 1 attempting to deal with the discharge of the attachment, or proceedings looking to that end. These questions are provided for in article 4 of chapter 3. Section 265 provides for the trial of an attachment at any time before it is finally sustained. Upon such trial, which means a trial in court, but before final judgment, proof may be heard, by affidavit or otherwise, as the court may direct. Since the only authority for a motion to discharge the attachment in vacation is found in Section 268, the provisions of that section must control, and the only power given to the trial judge under that section is to determine whether or not the attachment has been issued contrary to the provisions of article 1, and this must be determined from an inspection of the papers. Other evidence may not be received or considered in passing upon this motion. If the defendant desires a trial of the attachment before the case is finally disposed of, Sec. 265 makes provision therefor. The judge did not err in refusing to discharge the attachment, because on the face of the papers it had been regularly issued and was fully authorized and warranted by the statements found in the affidavits upon which the attachment was issued.

It is next insisted that the plaintiff was not entitled to a judgment. As stated, there is no bill of evidence in the case. Plaintiffs charged that the defendant was a non-resident, and issue had been joined upon this question. The defendant pleaded that it was a partnership, and that the members thereof resided in Kentucky. The question of their residence was, by the amended reply, put in issue. As partners they had entered their appearance, and not only traversed the allegations of the petition, but sought a judgment on their set-off and counter-claim

against the plaintiffs. But two questions were really in issue after their answer was filed. These were, that of their residence, and the validity of their respective claims. The record shows that proof was introduced, and the presumption must be indulged that the proof offered justified the finding upon which the court based its judgment.

The only remaining question for consideration is, did the court err in entering a judgment against defendants as a partnership when plaintiffs had proceeded against them as a corporation. We think not. By their answer they disclosed this fact; and not only that, but were in court as a partnership, seeking to recover a judgment against the plaintiffs.

In Schmidt v. Louisville, Cincinnati & Lexington Railway Co., 99 Ky. 143, it was held that, where one takes charge of the defense to an action, controls it, employs counsel, produces evidence, and pays the expenses of the nominal defendant, he is bound by the judgment in the action, although the evidence does not show him to be a party thereto.

And in Heckman's Admr. v. Louisville & Nashville R. R. Co., 85 Ky. 631, the court said that:

"Not only according to unvarying authority on the subject, but upon the principle of estoppel and common fairness, when a party enters his appearance and makes defense to an action, he cannot afterwards complain of the judgment that may be rendered against him, upon the ground that he was sued by the wrong name, or what is practically the same thing, that the name of a different person was inserted in the caption of the petition and in the summons; and it, therefore, necessarily follows that the action must be regarded as commenced and actually pending against him, at least from the time he so enters his appearance, if not from the time he is served with the summons."

A stronger case is here made out than that presented in either of the opinions from which we have quoted. The defendants, Weber and Heile, in their answer, entered their appearance, disclosed the fact that they were partners, defended the suit, and sought a judgment in their own behalf against the plaintiffs. With the pleadings in this condition it is immaterial that the plaintiff failed to file an amended petition, correcting the name of the defendant, that is, stating that it was in fact a partnership

rather than a corporation, for, as held in City of Newport v. Commonwealth, 106 Ky. 434, defendants waived this by entering their appearance and joining issue with the plaintiffs upon the merits of the controversy. In seeking to recover a judgment on their counter-claim and set-off, growing out of the same transaction set up in the petition, it is apparent that the purpose for which they came into the litigation was to settle and determine the questions in dispute between them and plaintiffs. In neither the reply nor the amendment was there a denial of the existence of the partnership. The only matters attempted to be controverted in the amended reply were the statements relative to the residence and place of business of the defendants. The failure on the part of plaintiffs to deny the existence of the partnership as set up in the answer amounts practically to a confession on the part of the plaintiffs that the defendants were in fact a partnership.

The case of Teets v. Snider Heading Mfg. Co., 120 Ky. 653, cited and relied upon by appellant, is not in point. The answer in that case disclosed that the defendant was not a corporation, but a partnership, but it did not enter the appearance of the members of the partnership nor join issue with the plaintiff upon the merits of the case.

The case of Pike, Morgan & Co. v. Wathen, 25 Rep. 1264, also relied upon, in which partners were sued as a corporation, is unlike the case at bar. In that case there was no issue upon the merits. But there was an issue upon the sole question as to whether or not the defendant was a corporation. Plaintiff introduced no proof and of course judgment should have gone for the defendant, as the burden was upon the plaintiff. This court upon appeal so held.

In Soper v. Clay City Lumber Co., 21 Rep. 933, a default judgment was taken upon service held upon review here to be bad. The facts of that case are wholly unlike the case at bar, and the statement therein that, "the appellee not being a corporation, it had no such existence in fact and in law as would enable the plaintiff to sue it in the name of Clay City Lumber Co., and take judgment against it," cannot be accepted as authority supporting the position taken by the appellant.

Upon consideration of the entire record we are of opinion that the conclusion reached by the trial judge was correct. Judgment affirmed.