32971.   BELL *et al. v.* AYERS.

Decided July 7, 1950.

*Carey Skelton, A. S. Skelton,* for plaintiffs in error.
*R. Howard Gordon, A. C. Carson,* contra.

MacIntyre, P.J. In the language of counsel for the defendant, the only question for determination is whether or not the court erred in overruling the objections filed to the amendment striking "Coca-Cola Bottling Company, a foreign corporation with an agent and place of business located in said county," and permitting the plaintiff to substitute the averment that "Coca-Cola Bottling Company is a partnership composed of A.

F. Bell Jr., and Mrs. Lona Bell Rooks, partners, having an office and place of business in Hart County, Georgia, and subject to the jurisdiction of this court." "Generally, in the furtherance of justice, courts will permit the plaintiff to amend his process so as to charge defendant as a partnership instead of corporation, when the latter designation is erroneously given in the first instance, and when there is no corporation of that name; the error in such case is not that the wrong party is sued, but that he is misdescribed, the firm being equally suited either to a corporation or to a partnership. There is no change of party, but the same individuals are still before the court. Anglo-American Packing & Provision Co. *v.* Turner Casing Co., 34 Kan. 340 (8 Pac. 403); Farmers' & M. Bank *v.* Bank of Glen Elder, 46 Kan. 376 (26 Pac. 680); Teets *v.* Snider Heading Mfg. Co., 120 Ky. 653 (87 S. W. 803); Standard Hay & Grain Co. *v.* Ratliff Bros., 144 Ky. 161 (137 S. W. 1035); Munzinger *v.* Courier Co., 82 Hun. 575 (31 N. Y. Supp. 737); Evoy *v.* Expressman's Aid Soc., 51 N. Y. S. R. 38 (21 N. Y. Supp. 641); Skoog *v.* New York Novelty Co., 4 N. Y. Civ. Proc. Rep. 144; Newton *v.* Milleville Mfg. Co., 17 Abb. Pr. 318, note . . Or when the amended process is offered before an answer interposing a defense on the merits is filed. Teets *v.* Snider . . [supra]. Or where such an erroneous summons is personally served within the state upon one of the partners as managing officer of the defendant . . But in some courts such a misdescription is interpreted not as bringing the right defendant into court under a wrong name, but as suing the wrong party, and in those jurisdictions an amendment to correct the defect is deemed as bringing in new parties, and is therefore not allowed. White Co. *v.* Fayette Automobile Co., 43 Pa. Super. Ct. 532." 40 L. R. A. (N.S.) 566, 567, see note to Goldstein *v.* Peter Fox Sons Co. "There is some conflict in the authorities in this State [Missouri] as to whether such amendment is allowable under the circumstances. The later decisions, however, hold that such an amendment may be made." Hirsch *v.* Hirsch (Mo. App.) 273 S. W. 151, 153. What was the effect of the service where the petition and process were directed against Coca-Cola Bottling Company, a corporation, as defendant, when in fact Coca-Cola Bottling Company existed not as a corporation but as a part-

nership and the person upon whom such summons was served instead of being the supposed agent of the corporation was a member of such partnership and as such was the agent of the partnership. Was such service void or was it a valid service? If it was void, it was no service, and the court could thereon base no judgment. Goldstein *v.* Peter Fox Sons Co., supra. See, in this connection, *Western & Atlantic R. Co.* v. *Dalton Marble Works,* 122 *Ga.* 774 (50 S. E. 978), where the admission made in the amendment showed that the alleged plaintiff was neither a corporation, partnership, nor natural person and the suit was a mere nullity and should be dismissed; but if the service was merely defective and as such was subject to some attack thereon, it is valid until attacked and necessarily conferred jurisdiction upon the person served, and who was served? Certainly under the record in the instant case not something that had no existence, but it was the legal entity Coca-Cola Bottling Company which had been incorrectly described as a corporation when it should have been described as a partnership. The term corporation was merely descriptive of the named defendant, Coca-Cola Bottling Company, and not a part of the name itself. As is well said in Ex parte Nicrosi, 103 Ala. 104 (15 So. 507), an action wherein a person doing business under a company name was served with a summons designating the company name as a corporation, the court held the term "corporation" to be merely descriptive of a named defendant, and not a part of the name itself. If the effect of the amendment here will be to correct the name under which the right party is sued it should be allowed. If its effect will be to bring a new party on the record, it should be refused. Upon consideration of the case of *Schnore* v. *Joiner,* 42 *Ga. App.* 688 (157 S. E. 353), in which it is said: "1. Where suit was brought to recover damages of a master and his servant because of the negligence of the latter, and the master was described therein as 'Southern Bearing & Parts Company, a corporation,' and where after the filing of the suit the plaintiff discovered that there was no corporation by this name but that the person intended to be sued as master was in fact an individual who did business under the trade name of Southern Bearing & Parts Company, the court did not err in allowing the plaintiff to amend the petition by

inserting the name of the individual doing business under that trade name, and in ordering the issuance of process and service with respect to him, since the amendment correcting the misdescription of the defendant as a corporation and otherwise, as indicated, served merely to identify the person intended to be sued, and involved no substitution of parties nor the adding of a new and distinct party. Civil Code (1910), § 5686; *Eslinger* v. *Herndon,* 158 *Ga.* 823 (4) (124 S. E. 169, 900); *South Georgia Power Co.* v. *Beavers,* 39 *Ga. App.* 374 (2) (146 S. E. 924); 47 C. J. 242, and cit."; and upon consideration of *Perkins Co.* v. *Shewmake & Murphey,* 119 *Ga.* 617 (46 S. E. 832), in which it is said: "1. A suit against the 'C. H. Perkins Company' is not void, these words importing a corporation. *Mattox* v. *State,* 115 *Ga.* 212, 219; *Adas Yeshurun Society* v. *Fish,* 117 *Ga.* 345; *Holcombe* v. *Cable Co.,* 119 *Ga.* 466. 2. A petition in such a suit may be amended by alleging that the company is a partnership composed of named individuals. *Smith* v. *Columbia Jewelry Co.,* 114 *Ga.* 691. 3. A petition in a suit against the 'C. H. Perkins Company, a corporation,' is amendable by striking the words 'a corporation,' and making an allegation that the company is a partnership composed of named individuals. See Anglo-American Packing Co. *v.* Turner Casing Co. (Kan.), 8 Pac. 403; Prairie Lodge *v.* Smith, 58 Miss. 301," we think the allowance of the amendment in the instant case did not make or substitute a new party. *Austin* v. *Ferst's Sons Company,* 2 *Ga. App.* 91 (58 S. E. 318); *Clemons* v. *Olshine,* 54 *Ga. App.* 290 (187 S. E. 711); *Atlantic Coast Line R. Co.* v. *Cook,* 6 *Ga. App.* 128 (64 S. E. 665); *Glover* v. *Glover,* 151 *Ga.* 574 (107 S. E. 861); *Beall* v. *Blake,* 13 *Ga.* 217 (58 Am. D. 513) (modified); *Barnes-Fain Company* v. *Chandler,* 148 *Ga.* 158 (96 S. E. 179); *Loudermilk* v. *Bailey,* 159 *Ga.* 514 (126 S. E. 373); *Hayes* v. *American Bankers Insurance Co.,* 46 *Ga. App.* 552 (167 S. E. 731); *Warren Brick Co.* v. *LaGarde Lime & Stone Co.,* 12 *Ga. App.* 58 (76 S. E. 761). This is not the adding of a new and distinct party which is condemned in Code § 81-1303, which reads as follows: "No amendment adding a new and distinct cause of action or new and distinct parties shall be allowed unless expressly provided for by law." It is the correction of a name which is permissible under Code § 81-1206, which reads as follows: "All

misnomers, whether in the Christian name or surname, made in writs, petitions, or other judicial proceedings on the civil side of the court, shall, on motion, be amended and corrected instanter, without working unnecessary delay to the party making the same." It follows that the court did not err in allowing the amendment. See also in this connection *Mauldin* v. *Stogner*, 75 *Ga. App.* 663 (44 S. E. 2d, 274); *McCall* v. *Kliros*, 76 *Ga. App.* 89 (45 S. E. 2d, 72).

*Judgment affirmed. Gardner and Townsend, JJ., concur.*