### CHAMBERLAIN v. BITTERSOHN.

*(Circuit Court, D. South Carolina. October 24, 1891.)*

1. SUMMONS AND COMPLAINT—VARIANCE—NOTICE.
   Under United States circuit court rule 5 for the district of South Carolina, requiring a notice to be served in all cases with the summons and complaint, stating, except where the demand is for a liquidated sum, that, on failure to answer, plaintiff will apply to the court for the relief demanded in the complaint, a notice served with a complaint and summons for trespass on lands is fatally defective when it states that on failure to answer plaintiff will "take judgment against you for the relief demanded in the complaint." *Chamberlain* v. *Mensing*, 47 Fed. Rep. 202, followed.

2. SAME—AMENDMENT OF PROCESS.
   But as the notice refers to the complaint, which is served with it, thus giving notice of the nature of the relief demanded, defendant could not have been prejudiced by the defect; and the notice may be amended, under Rev. St. U. S. § 948, permitting amendment of process when the person against whom it is issued will not be prejudiced thereby.

At Law. Action for trespass on land.
*Mitchell & Smith*, for plaintiff.
*Northrop & Memminger*, for defendant.

SIMONTON, J. This is a motion to set aside a complaint, in that it does not conform to the summons. The summons, served with complaint, is in the usual form, with this exception. It concludes with these words: "If you fail to answer this complaint within the time aforesaid, the plaintiff will take judgment against you for the relief demanded in the complaint." Under our rule of court, when the complaint is upon a liquidated demand under contract, the plaintiff can, on failure of answer, take judgment. In all other cases he must apply to the court for the relief demanded in the complaint. And the summons contains the notification to him of the category in which his suit falls. The complaint is for a trespass on land. If it be not answered, plaintiff cannot take judgment. But he must apply to the court for his relief. The summons and complaint do not conform, and the defect is fatal. *Chamberlain* v. *Mensing*, 47 Fed. Rep. 202. The defendant, upon the intimation of this conclusion, asks leave to amend his summons. In the case just quoted no such motion was made, and the point was not decided. A strong intimation of an opinion against it was given. I now have full opportunity of considering the authorities, and will discuss and decide it. Every court possesses the discretion of allowing any amendments in the pleadings in a pending case. This power is exercised in furtherance of justice. "Perhaps," says MARSHALL, C. J., "the legal discretion which thus exists acknowledges no other limit than is necessary for the purposes of justice and for the restraint of gross and inexcusable negligence," (*Calloway* v. *Dobson*, 1 Brock. 119;) or, as it is put by PARK, J., in *Taylor* v. *Lyon*, 5 Bing. 333: "Amendments are now generally allowed at every stage of the pleadings for the advancement of justice. The question usually is, will any injustice be done by what is proposed? If not, the amendment is allowed." Section 948 of the Re-

vised Statutes of the United States permits the amendment by the court of any process returnable to or before it when the defect has not prejudiced, and the amendment will not injure, the party against whom such process issues. If there be no summons, or if the summons misleads, or tends to mislead, the defendant, or to put him off his guard, or if the amendment works a surprise upon him, or if there be nothing in the record to amend by, the amendment should not be allowed. Such are the cases quoted by counsel for defendant: *Dwight* v. *Merritt*, 4 Fed. Rep. 616,—where the summons had not the seal of the court, nor the signature of the clerk, and so was not in fact a summons; *Brown* v. *Pond*, 5 Fed. Rep. 34; *U. S.* v. *Rose*, 14 Fed. Rep. 681—where the summons issued for the recovery of a penalty did not have upon it indorsed the statute imposing the penalty, as is required in the New York practice, and there was no complaint served with the summons explaining it. In the case now before us, the summons admitted in the motion to be a summons has the seal of the court and is properly tested. It calls attention to the terms of the complaint filed with and attached to it. It requires an answer thereto, specifying the time and place for the service of such answer. So the defendant is in no wise misled or surprised. He knows exactly the nature of the wrong with which he is charged. He cannot have been misled or injured by the erroneous assertion that, on his failure to answer, judgment would be taken against him. Nor can the amendment injure him whereby this is changed into the assertion that, in such event, application will be made to the court for the relief sought. Had he been served with a summons only, the case would have been different. But the complaint, a part of the record, served simultaneously with the summons, not only gave him clear notice, but also furnishes something by which the summons can be amended. *Randolph* v. *Barrett*, 16 Pet. 141. This amendment, being allowed pending a cause, requires no notice. Leave is granted to plaintiff to amend the summons as indicated. See *Semmes* v. *U. S.*, 91 U. S. 24; *Tilton* v. *Cofield*, 93 U. S. 164.