## GILBERT v. SOUTH CAROLINA INTERSTATE & WEST INDIAN EXPOSITION CO.

(Circuit Court, D. South Carolina.   February 21, 1901.)

1. SUMMONS—SUFFICIENCY—DATE.

In an action on an account beginning August, 1901, and continuing until January, 1902, a summons bearing date "the 8th day of February, nineteen hundred and ——, and the one hundred and twenty-sixth year of the independence of the United States," is not insufficient as requir-

ing defendant to answer on a day anterior to the cause of action stated, it being clear that a word has been omitted, and the year of independence showing that the year intended is 1902.

2. SAME—AMENDMENT.

Such summons, even if insufficient, having the complaint attached to it, would be amendable, within Rev. St. § 948, authorizing amendments in process returnable to circuit or district courts where no prejudice or injury will result.

Ficken, Hughes & Ficken, for the motion.
J. P. K. Bryan, opposed.

SIMONTON, Circuit Judge. This is a motion to set aside a summons. The summons is properly tested with the seal of the court, and is in the name of the chief justice. But it bears date "the 8th day of February, nineteen hundred and ———, and the one hundred and twenty-sixth year of the independence of the United States of America." The complaint attached to the summons is on an account beginning August, 1901, and continuing, with its items, until January, 1902. The defendant's motion is based on the proposition that the summons requires the defendant to appear and answer on a day anterior to the cause of action stated in the complaint.

The statutes of the United States are most liberal in allowing amendments of process returnable to the circuit and district courts (Rev. St. § 948); and, even in writs of error, Rev. St. § 1005, provided that the amendment does not injure or surprise the party against whom it is made; and this following the general maxim, "Ut res magis valeat quam pereat." If an amendment were necessary to validate this summons, it would be allowed; for we have the complaint attached to the writ, and the papers in the complaint, by which we could amend. Chamberlain v. Bittersohn (C. C.) 48 Fed. 42. But an amendment is not necessary. This is the 126th year of American independence, a statement as certain as A. D. 1902. The defendant could see from the summons that a word was omitted, for the words are "nineteen hundred and ———." The words "one hundred and twenty-sixth year of American independence" at once show without possibility of error what word is omitted; for this year of American independence is the year 1902.

The motion is refused.