JOHN H. RANDOLPH, EXECUTOR OF ALGERNON S. RANDOLPH, DE-
CEASED, PLAINTIFF IN ERROR, *v.* ISRAEL BARRETT, EXECU-
TOR OF JOEL F. RANDOLPH, DECEASED, DEFENDANT IN ERROR.

Amendment. The defendant, in the Circuit Court of Mississippi, was sued and de-
clared against as the administrator of Algernon S. Randolph. He entered his appear-
ance to the suit, and in person filed a plea in abatement, averring that he was not
administrator of Algernon S. Randolph, and that he was the only executor of Algernon
S. Randolph. The plaintiff moved to amend the writ and the declaration, by
striking out administrator, &c., and inserting executor. Leave was granted, and the
amendment was made. Held, that there was no error in the Circuit Court in giv-
ing leave to amend.

The power of the Circuit Court to authorize amendments, when there is any thing in
the record to amend by, is undoubted. In this case the defendant admitted by his
plea that he was the person liable to the suit of the plaintiff; but averred that he
was executor and not administrator. Whether he acted in one character or the
other, he held the assets of the testator or intestate in trust for the creditors; and
when his plea was filed, it became part of the record, and furnished matter by which
the pleadings might be amended.

This amendment is not only authorized by the ordinary rules of amendment, but also
by the statute of the United States of 1789, sec. 32.

IN error to the Circuit Court of the United States, for the
southern district of Mississippi.

A summons was issued in the southern district of Mississippi,
to John H. Randolph, stating him to be the administrator of
Algernon S. Randolph, deceased, to answer the defendant in error,
Israel Barrett, the administrator of Joel F. Randolph, of a plea
of trespass on the case, returnable to May term, 1839. To this
writ the marshal returned, "Executed personally on J. H. Ran-
dolph, April 23, 1839."

The plaintiff below, on issuing the writ, filed a declaration
against John H. Randolph, as administrator of Algernon S. Ran-
dolph, deceased, for acceptances of bills of exchange for the use
of the plaintiff's intestate; for money paid, laid out, and ex-
pended; and on an account stated, amounting to the sum of five
thousand dollars and upwards.

On the 26th of April, 1839, John H. Randolph, having ap-
peared to the action, filed the following plea.

[Randolph v. Barrett.]

The said John H. Randolph comes and defends, &c., when, &c., and prays judgment of the plaintiff's writ and declaration, because he says, that he the said John H. Randolph is not administrator of the goods and chattels, rights and credits, which were of Algernon S. Randolph at the time of his death, nor hath he ever administered as such upon any of the goods or chattels, rights or-credits of the said Algernon S. Randolph, but that he, the said John H. Randolph, is the only executor of the last will and testament of the said Algernon S. Randolph, who has qualified as such, and this he is ready to verify; wherefore he prays judgment of the said writ and declaration, and that the same may be quashed, &c.

At May term, 1839, the plaintiff and defendant being in the Circuit Court by their attorneys, on motion of the plaintiff's attorney, it was ordered by the Court, that he have leave to amend his writ and declaration herein, which said amendment is made accordingly by striking out the words, "administrator of all and singular the goods and chattels, rights and credits, which were of Algernon S. Randolph, at the time of his death, who died intestate," and inserting "executor of the last will and testament of Algernon S. Randolph, deceased;" and thereupon it was further ordered, that this cause be continued till the next November term of the Court aforesaid.

Afterwards, at the November term of the Court, on the fourteenth day of November, 1839, the following judgment was entered by the Circuit Court. The plaintiff appearing by his attorney, and it appearing to the satisfaction of the Court, that the writ aforesaid has been duly executed on the defendant, John H. Randolph, executor of the last will and testament of Algernon S. Randolph, deceased, and he failing to appear, though solemnly called, judgment was rendered for the plaintiff, Israel Barrett, administrator of Joel F. Randolph, for five thousand six hundred and fifty-five dollars, the damages having been assessed under a writ of inquiry.

From this judgment the defendant below prosecuted this appeal.

The case was argued by Mr. Henderson, for the plaintiff in error. No counsel appeared for the defendant.

The following errors were assigned by the counsel for the plaintiff in error.

1. That the judgment is rendered against the defendant below on default, whereas a good and sufficient plea in abatement is interposed by the record, which is undisposed of by judgment or otherwise.

2. It is error, That the Court below extended to plaintiff leave to amend equivalent to a new action, and proceeded to judgment without award of new process, or rule to plea de novo.

3. It is error, That the judgment is rendered against the defendant as executor, &c., when, as it appears by the record, he is summoned and declared against as administrator.

Mr. Henderson said: The latitudinous rule of amendment, given to the plaintiff in this case, may not perhaps be successfully contested: but it must be a manifest error, that there was in fact no amendment made under the rule; and yet the judgment is rendered, as if the amendment had been made according to the rule.

We suppose it certain that leave to amend, specifying in what the amendment shall consist, cannot be regarded as the amendment itself. Had the defendant further pleaded, he must have pleaded to the declaration, and not to the rule of amendment. But the writ and declaration still remain, charging defendant as administrator: defendant could not, therefore, respond as executor, and must have again reasserted his plea of ne unques administrator.

So yet stands his plea; and hence we say it is error that it has not been decided on.

Or, in the other aspect, it is error, that the Court has rendered judgment against the defendant as executor, on a misrepresentation of the fact, as appears by record, that he was summoned as executor, when the writ shows differently, and upon a declaration also charging him as administrator. An amendment of a declaration, inserting a new name, is a new declaration; and it is the attorney's and not the clerk's business to make the amendment. 2 Brock, C. C. R. 14. So of amending a bill, 3 Wash. C. C. R. 354.

The judgment does not conform to the writ and pleadings, and cannot be made so to do in this Court.

Mr. Justice M'Kinley delivered the opinion of the Court.

This is a writ of error to the Circuit Court of the United States for the southern district of Mississippi.

The defendant in the Court below was served with a writ of summons, in an action on the case, and a declaration was filed against him, as administrator of all and singular the goods and chattels, &c., of Algernon S. Randolph, deceased, who died intestate, &c. To which the defendant entered an appearance, and filed in person a plea in abatement, averring that he was not administrator of the goods and chattels, &c., which were of the said Algernon S. Randolph, at the time of his death, &c.; but that he, the said John H. Randolph, was the only executor of the last will and testament of the said Algernon S. Randolph, deceased, &c. Whereupon the plaintiff moved for leave to amend the summons and declaration, by striking out the words "administrator of all and singular the goods and chattels, rights and credits, which were of Algernon S. Randolph, at the time of his death, who died intestate," and inserting "executor of the last will and testament of Algernon S. Randolph, deceased." The leave was granted, the amendment ordered, and the cause continued. At the next term of the Court, judgment by default was rendered against the defendant.

To reverse this judgment, the counsel for the plaintiff in error relied on these grounds: First, The Circuit Court had no authority to order the amendment of the summons and declaration, there being nothing in the record to amend by. Secondly, No judgment could be rendered against the defendant, until the plea in abatement was disposed of. Thirdly, Judgment by default could not be taken against the defendant after appearance entered.

The power of the Court to authorize amendments, where there is any thing on the record to amend by, is undoubted. In this case, the defendant admitted by his plea, that he was the person liable to the suit of the plaintiff; but averred that he was executor and not administrator. Whether he acted in one character or the other, he held the assets of the testator, or intestate, in trust for the creditors; and when his plea was filed, it became part of the record, and furnished matter by which the pleadings might be amended. Master v. Hurtz, 3 Maule & Selwyn, 450; Barnes,

[Randolph *v.* Barrett.]

Notes of Practice, 5; 1 Mass. 433. And, in addition to these authorities, express authority is given, by the thirty-second section of the judiciary act of 1789, to the Courts of the United States, to permit either of the parties, at any time, to amend any defect in the process or pleadings, upon such conditions as the Courts shall, in their discretion and by their rules, prescribe. This amendment is, therefore, not only authorized by the ordinary rules of amendment, but by the statute also.

The object of the defendant in filing the plea was, to prove that he was not administrator, and that he was executor; and thereby to abate the plaintiff's writ. The motion of the plaintiff for leave to amend the writ and declaration, so as to charge the defendant as executor and not as administrator, amounted to a confession of the truth of the plea; but instead of abating the writ according to the prayer of that plea, the Court granted the motion of the plaintiff, and ordered the amendment. This proceeding was a final disposition of that plea in abatement; and, as the defendant appeared for the purpose of pleading in abatement only, the decision of the Court upon the plea put him out of Court; and for failing to appear again, and plead to the action, judgment by default was properly rendered against him. The judgment of the Circuit Court is, therefore, affirmed.