## W. W. WHITEHEAD V. ANDREW HERRON.

Where a party sued as administrator, on a promissory note alleged to be due his intestate, he was allowed, after a plea of *ne unques* administrator, to amend by alleging that the note sued on belonged to himself, and praying judgment thereon in his own right; subject to payment of costs, and any defence that might have accrued since the commencement of the suit.

Appeal from Guadalupe. On the 25th of August, 1854, the appellant, as administrator of the estate of B. G. Whitehead, deceased, instituted a suit in the District Court of Guadalupe county, against the appellee, on a promissory note, payable to said Whitehead. At the next Term of the Court, appellee plead *ne unques* administrator, &c., whereupon the appellant filed an amended petition, and alleged that he was the owner of the note sued on, &c., in his own right; that it did not belong to the estate of B. G. Whitehead; that the original suit was brought by mistake in his character of administrator, &c.; and sued in his own personal right. At the Fall Term, 1855, the appellee excepted to the sufficiency of the amended petition, for the reason that the plaintiff had by his amended petition virtually dismissed the original suit, as to the original plaintiff, and had attempted thereby to substitute a new plaintiff in his stead; and the exception was sustained, and the plaintiff failing to amend, judgment was rendered against him on the exception, and the suit dismissed; from which judgment the plaintiff in the Court below appealed.

*J. Ireland*, for appellant. A new cause of action may be set up by amendment. (Bell v. McDonald, 9 Tex. R. 378.)

*J. J. Thornton*, for appellee. That the plaintiff in the Court below, W. W. Whitehead, suing as the administrator of the

estate of B. G. Whitehead, deceased, was one person and W. W. Whitehead, suing in his own personal right, is another person in law, is, I presume, a self-evident proposition. Then, had the plaintiff in the Court below the right to go out of the case, and transfer the cause to another person as plaintiff, to be substituted in his stead? I think not; at least, not in the way it is here attempted to be done. The amendment, to all intents and purposes, makes this a new suit. This Court has repeatedly decided that a new cause of action could not be set up by way of amendment, without first paying the costs already incurred in the case, and subject to some other restrictions, &c. (Williams v. Randon, 10 Tex. R. 74; Henderson v. Kissam, 8 Id. 46.)

The plaintiff should have offered, at least, to pay the costs, &c., and, as he has refused to do so, the judgment ought to be sustained.

WHEELER, J. We have heretofore decided that a plaintiff may so amend his petition as to change the character or right in which he sues, upon payment of costs, where the change does not operate to deprive the defendant of any defence, or prejudice any right which may have accrued to him at the time of the amendment. (Henderson v. Kissam, 8 Tex. R. 46.)

It is not pretended that any defence or right had accrued to the defendant in this case, after the filing of the petition, which would be prejudiced by the amendment. The Court, therefore, should not have dismissed the case, because of the amendment; but should only have adjudged the costs against the plaintiff.

The judgment is therefore reversed and the cause remanded.

Reversed and remanded.