HENRY P. ROGERS and Others, as Executors, etc., of NATHANIEL P. ROGERS, Deceased, Respondents, v. NATHANIEL P. ROGERS, Appellant, Impleaded with FRANK J. MAGUIRE.

*Demand for relief considered in deciding whether an action is at law or in equity — action by an executor against his co-executor — maintainable in equity only — allegations appropriate to an equity action.*

The form of relief demanded in a complaint, though proper to consider, is not controlling in determining whether an action is one in equity or at law.

An action at law cannot be maintained by one executor against another, but an action in equity may be maintained between them to establish a debt owing by the defendant executor to the testator, and to determine the disposition to be made of the fund thus created.

When the necessities of a case require a party to come into a court of equity, allegations which, in an action between other persons, would be held to be an action at law, will be treated as belonging, and appropriate, to an equity action.

APPEAL by the defendant, Nathaniel P. Rogers, from an interlocutory judgment of the Supreme Court, entered in the office of the clerk of the city and county of New York on the 10th day of November, 1893, upon the decision of the court rendered at the New York Special Term overruling the defendant's, Nathaniel P. Rogers', demurrer to the plaintiff's complaint, with notice of an intention to bring up for review upon such appeal the decision of the court entered in said clerk's office on the 9th day of November, 1893.

The following is the opinion of the Special Term :

" ANDREWS, J. :

" It was held in *McGregor* v. *McGregor* (35 N. Y. 218), ' That one co-executor may maintain an action in equity against another co-executor to compel the payment of a debt owing by him to the estate.'

"The learned counsel of the defendants, as I understand it, concedes that this decision has never been overruled nor questioned, but his contention is that the action at bar cannot be regarded as one in equity.

"Under the authorities this contention is not well founded. It is true that, leaving out of consideration the prayer for relief, the complaint sets forth a cause of action at law to recover money alleged to have been loaned by the plaintiffs' testator to the defendants. It is to be noticed, however, that the complaint does not ask for any money judgment against the defendants. The prayer for judgment is as follows : ' Wherefore, these plaintiffs pray judgment, adjudging that the defendants are indebted to these plaintiffs and the amount of such indebtedness, and granting to these plaintiffs such other or further relief as may be just and equitable, together with the costs of this action.'

"The reason for the rule of the common law, that no action lies by an executor or administrator against his co-representative, and the reason why courts of equity entertain jurisdiction of actions of that character, is clearly stated in *Smith* v. *Lawrence* (11 Paige, 206), in which case the chancellor said : ' In the common-law courts one executor or administrator cannot bring a suit against his co-executor or co-administrator,· to recover a debt which was due from the latter to the testator or intestate, for each has the same right to the possession of the fund which belongs to both as the representatives of the estate, of which they are joint trustees, and the effect of a common-law judgment in favor of one against the other would be to give to the former the right to issue an execution and transfer the whole fund to his own exclusive possession. A court of equity, however, from its peculiar mode of administering justice, can settle the questions as to the fact of indebtedness and as to the amount due from one of the executors to the estate of which both are trustees, whenever the· decision of this question becomes necessary, without changing the possession of the fund. And when the amount of such indebtedness is ascertained the court may make such disposition of the fund as justice and equity shall then require.'

"In that case, one executor cited his co-executor to account before a surrogate, and the latter objected to the jurisdiction of the surrogate to · call upon him to account upon the application of his

co-executor. The surrogate sustained the objection, but his decision was reversed by the chancellor.

"In *Decker & Tyson* v. *Miller* (2 Paige, 150) an action in equity was maintained which was brought by two of the executors of one Egbert against their co-executor to compel payment of two bonds given by the defendant to the testator. Of course, action upon the bonds would have been an action at law, and under the rule above mentioned could not have been maintained by two executors against their co-executor. A case which, if possible, is still more clearly in point, is that of Wurtz and Jenkins, executors, against Jenkins (11 Barb. 546). This was an action in equity brought by two executors against their co-executor to compel the defendant to pay the sum of $1,345, which it was alleged he owed the testator at the time of his death for goods sold and delivered. The defendant demurred to the complaint upon various grounds, and among others, upon the ground 'that the plaintiffs have not legal capacity to sue, being co-executors with the defendant.'

"HARRIS, J., speaking for the court, delivered an opinion which was concurred in by his associates, reviewing the authorities and expressly deciding that although the plaintiffs could not maintain an action at law to recover said sum of $1,345 for goods sold and delivered, they could maintain an action in equity to have the question determined, whether the defendant was indebted to the estate in that sum, and to obtain such other relief as a court of equity could give under those circumstances. These authorities are decisive of the present case, for they conclusively establish the doctrine that where there are several executors of an estate and it is claimed that one of their number is indebted to the estate, while part of the co-executors cannot maintain an action at law, which, if successful, would result in the transfer of the possession of the fund in dispute from the defendant to the plaintiff, they may maintain an action in equity to have the question determined whether the defendant co-executor is indebted to the estate, and to obtain such other relief as may be appropriate to the case.

"Nor is it necessary that the defendant should be described as executor. What was said in *McGregor* v. *McGregor* is applicable to the present case: 'As the co-executor is made a defendant to the suit and is brought in by actual service, it is not necessary that

he be described as executor. Indeed, it may be questioned whether such description would have been proper, as the object of the suit is to revive an action in which relief was sought against him in his individual character only.'

" In the case at bar no relief is sought against the defendant as executor. The object of the action is to have it determined whether the defendant as an individual is indebted to the estate of which he is an executor, and if he is so indebted, to obtain such relief against him individually as a court of equity can give under the circumstances.

" The demurrer must be overruled, with leave to the defendants to answer on payment of costs."

*J. F. Miller*, for the appellants.

*T. D. Kenneson*, for the respondents.

VAN BRUNT, P. J.:

The complaint in this action alleges the death of one N. P. Rogers at the city of New York, leaving a last will and testament wherein he appointed the plaintiffs and the defendant Nathaniel P. Rogers as his executors ; that said will was duly admitted to probate and letters testamentary issued thereon to the plaintiffs and the defendant N. P. Rogers ; that the defendants Frank Y. Maguire and N. P. Rogers were at the times mentioned in the complaint co-partners doing business in the city of New York under the firm name of Maguire & Rogers ; that the deceased N. P. Rogers loaned to said Maguire & Rogers as such co-partners divers sums of money, amounting in the aggregate to the sum of $50,000, which said several sums they promised and agreed to pay to the testator ; that at the time of the death of said testator the defendants Maguire & Rogers wholly failed to repay such sums or any portion of the same, although such sums were at such time and ever since have been wholly due and owing by said defendants to the testator, and judgment was prayed adjudging that the defendants were indebted to the plaintiffs, and the amount of such indebtedness, and for such further and other relief as might be proper.

The defendant Rogers demurred to the complaint upon the ground that it appeared upon the face of the complaint that there was a

defect of parties plaintiff in the omission of N. P. Rogers as an executor of the last will and testament of N. P. Rogers, deceased.

We think the decision of this appeal might very well be left upon the opinion of the learned court below. But such opinion is criticised in that it is claimed that error was committed by the court in considering the prayer for relief together with the other allegations of the complaint in determining whether the action was one in equity or an action at law. And the cases of *Hale* v. *Omaha Nat. Bank* (49 N. Y. 626), and *Bell* v. *Merrifield* (109 id. 207), are cited in support of that proposition. But all that was decided in those cases was that the form of the relief asked in the complaint is not. *controlling*, in determining the nature of the action — a very different thing from holding that in determining what might be the form of action which was intended to be brought, it was improper to consider the prayer for relief.

In the case at bar the learned court held that an action at law cannot be maintained by one executor against another, but that an action in equity may be maintained by one executor against another to establish a debt owing by the defendant executor to the testator, and to determine the disposition of the fund thus created.

The defendant executor, together with his co-partner, is alleged to have been indebted to the testator. This debt the defendant executor was bound to pay to the estate of the testator, and the only way in which his liability could be determined is by an action such as this, in which the debt may be established and its proper disposition adjudicated upon.

It is undoubtedly true that similar allegations in an action between other persons would be held to be an action at law. But where the necessities of the case require a party to come into a court of equity those allegations will be treated as belonging and appropriate to that class of actions, as was held in the court below.

We think that the principles declared in the case of *McGregor* v. *McGregor* (35 N. Y. 218) authorize the bringing of such action.

The judgment should, therefore, be affirmed, with costs.

O'BRIEN and PARKER, JJ., concurred.

Judgment affirmed, with costs.