FRANK H. PETERSON v. WILLIAM H. VANDERBURGH.

June 30, 1899.

Nos. 11,709—(213).

**Equity—Action against Co-Executor—Demurrer.**

A court of equity will entertain an action brought by an executor on the part of the estate against a co-executor to determine the amount of a disputed claim, or to force an account, or to foreclose a mortgage, or in any other case, where justice requires it, there being no remedy at law.

Action in the district court for Hennepin county by plaintiff, as executor of the will of Charles E. Vanderburgh, deceased. The complaint alleged among other things that defendant, who was a co-executor of the will and a son of the testator, had borrowed from him sums amounting to $23,896.98, of which defendant had repaid only $15,571.66; that defendant claimed offsets, and refused to pay the balance due until the amount was determined and the offsets allowed. The complaint prayed for an accounting and for judgment for the amount which should be found due from defend-

ant to the estate. From an order, McGee, J., sustaining a demurrer to the complaint, plaintiff appealed. Reversed.

*H. V. Mercer*, for appellant.

As a rule co-executors cannot sue or be sued at law by one another. Schouler, Exrs. & Admrs. 403; 3 Williams, Exrs. (Perk. Notes) 1911; 3 Redfield, Wills, 203; 1 Pomeroy, Eq. Jur. § 51; 8 Enc. Pl. & Pr. 699; Sandars, Just. (Hammond) 327; McGregor v. McGregor, 35 N. Y. 218; Rogers v. Rogers, 75 Hun, 133; Executors v. Geer, 30 N. J. Eq. 249. At common law an executor or administrator cannot sue his co-executor or co-administrator to recover a debt due his testator or intestate. 8 Enc. Pl. & Pr. 699; Executors v. Geer, supra; 1 Pomeroy, Eq. Jur. § 51; Schouler, Exrs. & Admrs. § 403; 3 Williams, Exrs. (Perk. Notes) 1911; 3 Redfield, Wills, 203, 223; Peake v. Ledger, 8 Hare (Eng. Ch.) 313; Case's Appeal, 35 Conn. 115; Evans v. Evans, 23 N. J. Eq. 71; Storms v. Quackenbush, 34 N. J. Eq. 201; Crane v. Howell, 35 N. J. Eq. 374; Stimis v. Stimis, 54 N. J. Eq. 17; McGregor v. McGregor, supra; Rogers v. Rogers, supra. Equity, however, will entertain a suit by one executor on part of the estate to enforce a claim against his co-executor on an account or to foreclose a mortgage, or in any other case where justice requires, if there be no remedy at law. Sandars, Just. (Hammond) 327; 1 Pomeroy, Eq. Jur. § 51; Schouler, Exrs. & Admrs. § 403; 3 Williams, Exrs. (Perk. Notes) 1911; 3 Redfield, Wills, 203, 223; Const. art. 1, § 8, and cases last cited.

There is no remedy in the probate court, because its jurisdiction is limited to estates of deceased persons, and it has no equitable jurisdiction. R. S. 1851, 290; Const. art. 6, § 1; art. 7, § 7; G. S. 1894, §§ 4511–4520, 4665; State v. Probate Court of Sibley Co., 33 Minn. 94; Mousseau v. Mousseau, 40 Minn. 236; Comstock v. Matthews, 55 Minn. 111; In re Martin's Estate, 56 Minn. 420; Oswald v. Pillsbury, 61 Minn. 520. "Original" jurisdiction is not equivalent to exclusive jurisdiction. Agin v. Heyward, 6 Minn. 53 (110); Crowell v. Lambert, 10 Minn. 295 (369). See Farnham v. Thompson, 34 Minn. 330; Starkey v. Sweeney, 71 Minn. 241. The complaint shows that the estate is entitled to relief, that there is no remedy at law, and that the action is equitable. Sandars, Just.

(Hammond) 327; 1 Pomeroy, Eq. Jur. § 51; Schouler, Exrs. & Admrs. § 403; 3 Williams, Exrs. (Perk. Notes) 1911; 3 Redfield, Wills, 203, 223; Peake v. Ledger, supra; Evans v. Evans, supra; Storms v. Quackenbush, supra; Crane v. Howell, supra; Stimis v. Stimis, supra; McGregor v. McGregor, supra; Rogers v. Rogers, supra; Const. art. 1, § 8.

*How & Butler*, for respondent.

In nearly all states chancery declines to interfere where the probate court has jurisdiction. Frey v. Demarest, 16 N. J. Eq. 236. In Minnesota the jurisdiction of probate courts over the estates of deceased persons is exclusive for administering such estates, including all matters necessarily pertaining to the proper administration. Mousseau v. Mousseau, 40 Minn. 236; Boltz v. Schutz, 61 Minn. 444, 446. When the testator appoints a debtor his executor the debt becomes on his qualification assets in his hands, applicable to the expense of administration and the purposes of the will. Stevens v. Gaylord, 11 Mass. 255, 269; Crow v. Conant, 90 Mich. 247; Gardner v. Miller, 19 Johns. 187; Bigelow v. Bigelow, 4 Ohio, 138; Norris v. Towle, 54 N. H. 290; In re Armstrong, 69 Cal. 239; Cook v. Cook, 69 Ala. 294; Bacon v. Fairman, 6 Conn. 121, 129. In the constitutional provision giving the probate court jurisdiction over estates of deceased persons, "estate" means every species of property, real and personal. Deering v. Tucker, 55 Me. 284, 287; Sutton v. Wood, 1 N. C. 312. Laws 1849, c. 20, subd. 3, in force when the constitution was adopted, gave the probate court jurisdiction for "settlement of accounts" of executors. This power has ever since existed. If defendant were sole executor, he would be accountable for his indebtedness as an asset in the probate court; and if the amount is in dispute, that court has power to determine the matter as if the asset had been received from any other source. Wood v. Executors, 1 N. J. L. 177, 181. The appointment of two executors cannot affect the rule. Simon v. Albright, 12 S. & R. 429.

COLLINS, J.[1]

Plaintiff brought a bill in equity, and defendant demurred upon

[1] MITCHELL, J., absent, did not take part.

the ground that the district court had no jurisdiction of the subject of the action. Plaintiff appeals from an order sustaining the demurrer.

The question to be determined is, has an executor in this state the right to bring a bill in equity in the district court against a co-executor for the purpose of having the amount determined, and to enforce a claim held by the estate against such co-executor, arising on contract entered into with the testator in his lifetime, and due at the time of his decease, when the co-executor disputes the amount and refuses to pay until such amount is ascertained? Plaintiff's counsel admits that at common law such an action cannot be maintained, but he insists that in equity the rule is to the contrary, and that one executor or administrator may bring a bill against a co-executor, when justice requires it, to ascertain the amount and to enforce a claim of this character. The position of defendant's counsel is that, where a testator appoints a debtor his executor, the debt becomes, immediately upon his qualification as executor, an asset in his hands, applicable to the purposes of the will, and for which he can only be compelled to account in the probate court, precisely as he must account for other assets, and that, where the amount of the debt is in dispute, the probate court has full power to hear and determine the amount of such indebtedness, as between the estate and the executor.

The jurisdiction of the probate court in this state is fixed by the fundamental law. Const. art. 6, § 7. Its jurisdiction is expressly limited and restricted to the estates of deceased persons and persons under guardianship. If, under this provision, the probate court has exclusive jurisdiction over the subject of this action, the order of the court below was right, and should be affirmed. But if exclusive jurisdiction has not been conferred on the probate court, and if the district court has not been deprived of jurisdiction, the action may be maintained, and the trial court erred when sustaining the demurrer. Even if it be admitted that the probate court can have jurisdiction by holding the debt to have become an asset in defendant's hands immediately upon his qualification as an executor, and by enforcing its collection in the settlement of his trust account, it would not follow that, where justice required it, and

there was no remedy at law, an equitable action could not be maintained in district court for the purpose of ascertaining the amount of a disputed claim and for such other purpose as equity might require. Such a case would simply be one of concurrent jurisdiction, and not at all novel. But, in any event, it seems to be well settled that a court of equity will entertain an action brought by one executor on the part of the estate against a co-executor to determine the amount of a disputed claim, or to force an account, or to foreclose a mortgage, or in any other case where justice requires it, there being no remedy at law. Schouler, Exrs. § 403; 3 Williams, Exrs. (Perk. Notes) 2024; 1 Pomeroy, Eq. Jur. § 51; 3 Redfield, Wills, 203, 235; 8 Enc. Pl. & Pr. 699; and the many cases cited in these books. See also Rogers v. Rogers, 75 Hun, 133, 27 N. Y. Supp. 276.

This rule is in the right direction beyond question, and covers the complaint now before us. Nor does this rule infringe upon that laid down in the cases cited by defendant's counsel, seemingly, to the effect that it is the equitable doctrine that, where a debtor is appointed executor of the will of his creditor and accepts the trust, the debt is presumed to have been paid, is to be treated as an asset in the executor's hands, and stands upon the same footing as other assets, to be accounted for in settlement of the estate, and in no other manner. The question now before us did not appear in any of those cases, and nowhere is it intimated that a bill in equity will not lie in favor of one executor or administrator, and against a co-executor or administrator, when the latter disputes the amount of an alleged indebtedness and refuses to pay, if justice requires the bringing of such an action, and there is no adequate remedy at law.

Order reversed.

CANTY, J.

I concur. Our constitution gives the probate court exclusive jurisdiction of certain matters, which implies that it has no jurisdiction of other matters. Then it is not often that the probate court and the district court have concurrent jurisdiction. But, as regards such question of concurrent jurisdiction, an indebtedness due from a co-executor to the estate, and incurred during the life of the testator, stands on the same footing as an indebtedness

due from a third party to the estate, incurred during the life of the testator. The district court has jurisdiction of an action brought by the executor against such third party in such a case. But, if the third party should file a claim against the estate in the probate court, the executor could plead in that court, as an offset or counter-claim, the indebtedness due from the third party to the estate. In this manner, the two courts have concurrent jurisdiction. As affecting this question of concurrent jurisdiction, it is immaterial that the indebtedness is due to the estate from a co-executor, instead of from a third party. The district court still has jurisdiction, and the action may be brought in equity in that court by the other co-executor. Of course, the existence of other facts may or will, before the estate is settled, draw the claim into the probate court, and give that court jurisdiction, just as the existence of other facts would draw to that court such a claim against a third party, and give that court jurisdiction over that claim. In my opinion, these are the principles on which the district court and the probate court have concurrent jurisdiction in such a case as this.