STONE v. SPEARE.

(Circuit Court, D. New Hampshire. January 18, 1910.)

No. 591.

1. PROCESS (§ 163*)—AMENDMENT OF WRIT—DEFECTS AMENDABLE.

Where a writ of summons, dated July 16, 1908, and returnable "on the first Tuesday of October next," for want of opportunity was not served on the defendant until May 10, 1909, and through oversight the return day was not changed, the plaintiff is entitled, under the liberal amendment statutes of New Hampshire, to amend the same by inserting the appropriate return day following the date of service.

[Ed. Note.—For other cases, see Process, Cent. Dig. §§ 224–238; Dec. Dig. § 163.*]

2. REMOVAL OF CAUSES (§ 118*)—PROCEEDINGS AFTER REMOVAL—AMENDMENT OF PROCESS OR PLEADINGS.

A federal court, into which a cause has been removed, has power to permit such amendments of process or pleadings as justice requires and as are permissible under the state statutes, provided they do not offend the federal statutes or decisions on the subject.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 250; Dec. Dig. § 118.*]

Action by George H. Stone against Lewis R. Speare. On plea in abatement and motion by plaintiff to amend writ. Motion granted, and plea overruled.

Branch & Branch, for plaintiff.
Streeter & Hollis, for defendant.

ALDRICH, District Judge. In New Hampshire there is a term of the superior court for Merrimack county on the first Tuesday of October.

The plaintiff, a citizen of New Hampshire, acting upon the idea that he had a cause of action against a nonresident, filled out a writ and dated it July 16, 1908, and made it returnable on the first Tuesday of October next, which would be, upon reason and authority, the first Tuesday of October, 1908. The writ was left with a sheriff for service, with directions to the sheriff to keep the writ and serve it upon the defendant if he could get a chance, and in case he should be unable to secure service for the October, 1908, term, to change the writ so as to make it returnable at the April term.

For the reason that there was no known opportunity to do so, there was no service until May 10, 1909, and the sheriff failed, through mistake or some other reason, to make any change in the writ, as instructed or otherwise. Thus the writ served May 10, 1909, was dated July 16, 1908, and upon its face was returnable October next, which, in view of the date, would be October, 1908.

The defendant pleads in abatement the fact that the writ was returnable on a day already passed, and was therefore void, and the plaintiff moves to amend, and that the date be changed from July 16, 1908, to May 10, 1909.

I find as fact that the defendant must have understood, and did

understand, that the plaintiff, in serving the writ upon him in May, 1909, returnable at the October term next, intended the October term of 1909, rather than the October term of 1908, which was a thing of the past, and therefore an impossible return day. I also find as fact that the failure to change the date of the writ resulted from accident or mistake, and under the circumstances that justice requires an amendment to be made.

The statutes of New Hampshire in respect to amendments are very liberal, and presuppose that anything which justice requires by way of amendment may be made, unless it shall deprive the defendant of some substantive right.

I will pass over the earlier New Hampshire decisions, because they seem to have been decided, as said by Judge Bell in Berry v. Osborn, 28 N. H. 279, 283, referring to section 10, c. 186, Rev. St. 1843, "without especial reference to the provisions of this statute, and though this fact might justly lead to the belief that neither the court nor the bar had supposed that any change was made by it in the practice usual in England, yet the calls too frequently made, both upon our time and our patience, have led to a renewed and more careful examination of its provisions than we have heretofore made," and more especially because the earlier cases can have no pertinent weighty bearing upon questions of amendment in New Hampshire, in view of the liberalizing statutes upon that subject since Berry v. Osborn.

I will only refer to the following statutes and cases: Rev. St. 1843, c. 186, §§ 10, 11; Comp. St. 1854, c. 198, §§ 10, 11; Gen. St. 1867, c. 207, §§ 8, 9; Gen. Laws, 1878, c. 226, §§ 8, 9; section 1 of an act in relation to amendment to civil causes (Laws 1879, c. 7); Pub. St. 1901, c. 222, §§ 7, 8; Berry v. Osborn, 28 N. H. 279, 283; Kelly v. Gilman, 29 N. H. 385, 61 Am. Dec. 648; Tillson v. Bowley, 8 Greenl. (Me.) 163; Bartlett v. Lee, 60 N. H. 168; Brown v. Ellsworth, 72 N. H. 186, 188, 55 Atl. 356.

This amendment should be allowed because, the month of October next being named, the defendant must have understood the coming October, because it would be clear, and absolutely clear, to any mind that a month in a year before the service could not have been intended.

In the early case of Tillson v. Bowley in the state of Maine, 8 Greenl. (Me.) 163, it is said:

"When a month is referred to, it will be understood to be of the current year, unless, from the connection, it is apparent that another is intended. But in the present case, from the nature of the complaint, no other could possibly be understood."

The case at bar is quite within the reasoning of that case.

The return on the writ shows an attachment on real estate in some town; but the fact is found by a commissioner that the defendant had no real estate there. That being so, the defendant could not have been prejudiced, or have acquired any rights under the attachment.

The defendant places considerable reliance upon Parsons v. Shorey, 48 N. H. 550. That case, however, does not establish any general and absolute rule. It contains wholesome suggestions as to the desirability of avoiding unseemly records; but the decision is based upon the view that a writ which had actually operated upon real estate by an actual

attachment had so far performed its function that it could not be used again. But that is not this case.

I have no doubt as to the power and the duty of this court, in a case removed from the state court, to make such amendments as justice requires and such as would be permissible under the state statute, provided they do not offend the federal statutes or the federal decisions upon the subject of amendments. See Rev. St. U. S. §§ 914, 948, 954 (U. S. Comp. St. 1901, pp. 684, 695, 696); Circuit Court Rules 11, par. 1; Tilton v. Cofield, 93 U. S. 163, 23 L. Ed. 858; Randolph v. Barrett, 16 Pet. 138, 142, 10 L. Ed. 914; West v. Smith, 101 U. S. 263, 25 L. Ed. 809; Deford v. Mehaffy (C. C.) 13 Fed. 481; Hodges v. Kimball, 91 Fed. 845, 849, 34 C. C. A. 103.

The plea in abatement is overruled, and the motion to amend is granted.