**PRYOR v. KRAUSE et al. (two cases).**
(Nos. 192, 310.)

(Court of Civil Appeals of Texas. El Paso. April 30, 1914. Rehearing Denied June 25, 1914.)

**1. JUDGMENT (§ 670*)—CONFORMITY TO PLEADINGS.**

Where the petition complains of a defendant in his individual capacity only, a judgment against him can only bind him in that capacity.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1181, 1185; Dec. Dig. § 670.*]

**2. PARTIES (§ 59*)—DEFECTS—AMENDMENTS—POWER OF COURT.**

Where a defendant is in court in his individual capacity, an amended petition complaining of him in his capacity as executor and trustee, based on the same facts, is not a new

cause of action against him, and is properly allowed.

[Ed. Note.—For other cases, see Parties, Cent. Dig. §§ 90–94, 165; Dec. Dig. § 59.*]

**3. PARTIES (§ 76*)—DEFECTS—AMENDMENTS—PETITION.**

A plea in limine by a defendant, sued in his individual capacity, which sets forth a pending action by him individually and as executor and trustee against plaintiff and another, individually and as trustees, and others, and which prays for the dismissal of the action for want of proper parties, based on the fact that defendant should have been sued in his representative capacity, accompanied by an answer which sets forth a plea of not guilty and special matters of defense, without waiving the plea in limine, does not show a defect of necessary parties, but merely shows the necessity of suing defendant in his representative capacity, and authorizes an amendment of the petition so as to ask for judgment against him in his representative capacity; otherwise the judgment can be against him individually only.

[Ed. Note.—For other cases, see Parties, Cent. Dig. §§ 117–121; Dec. Dig. § 76.*]

**4. APPEARANCE (§ 19*) — JURISDICTION ACQUIRED—PETITION—AMENDMENTS.**

Where, in trespass to try title, a defendant, sued in his individual capacity, appeared in his representative capacity by filing a plea alleging facts showing his representative capacity, the court acquired jurisdiction to enter judgment against him in that capacity on plaintiff amending the petition stating a cause of action against him in his representative capacity.

[Ed. Note.—For other cases, see Appearance, Cent. Dig. §§ 79–82, 84–90; Dec. Dig. § 19.*]

**5. APPEARANCE (§ 19*) — JURISDICTION ACQUIRED—PARTIES.**

Where, in trespass to try title, two defendants were sued both in their individual and representative capacities, and one of them entered his formal appearance and disclaimer, and the other defendant filed a plea constituting an appearance in his representative capacity, the court had jurisdiction to render judgment for plaintiff.

[Ed. Note.—For other cases, see Appearance, Cent. Dig. §§ 79–82, 84–90; Dec. Dig. § 19.*]

**6. EXECUTORS AND ADMINISTRATORS (§ 430*)—ACTIONS IN INDIVIDUAL CAPACITY.**

An executor, in his individual capacity, may sue to establish his title to the property of the estate claimed by a cestui que trust.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 1683–1688; Dec. Dig. § 430.*]

**7. EXECUTORS AND ADMINISTRATORS (§ 72*)—ACTIONS IN INDIVIDUAL CAPACITY.**

The act of an executor in placing property on the inventory returned is only prima facie evidence of title in the estate, which may be rebutted by proof that the title was not in testator, and does not estop the executor from suing to recover the property in his individual capacity.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. § 321; Dec. Dig. § 72.*]

**8. EXECUTORS AND ADMINISTRATORS (§ 72*)—MANAGEMENT OF ESTATE — ORDERS OF PROBATE COURT.**

Title to land does not pass by any order of probate court, where it was not owned by decedent.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. § 321; Dec. Dig. § 72.*]

---

**9. Trusts (§ 206*) — Conveyance by Trustees—Estoppel.**

A trustee joining her cotrustees in executing a blanket deed of trust as trustees is not thereby estopped from suing for the recovery of the property on offering to do equity by offering to pay the proper proportion of the money borrowed by the trustees.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. §§ 283–292; Dec. Dig. § 206.*]

**10. Costs (§ 177*) — Guardian ad Litem — Compensation—Taxation.**

Where plaintiff, in trespass to try title against an adult and infants, filed a motion to have a guardian appointed for the infants who had no guardian, the compensation for the guardian ad litem were costs incurred by plaintiff.

[Ed. Note.—For other cases, see Costs, Cent. Dig. § 695; Dec. Dig. § 177.*]

**11. Trespass to Try Title (§ 50*)—Costs—Liability.**

Where adult and infant defendants in trespass to try title had no interest in real estate, the fees of the guardian of the infants appointed on the motion of plaintiff must be taxed against plaintiff.

[Ed. Note.—For other cases, see Trespass to Try Title, Cent. Dig. §§ 80, 81; Dec. Dig. § 50.*]

Appeal from and Error to District Court, El Paso County; A. M. Walthall, Judge.

Consolidated actions by Annie P. Krause against Thomas D. Pryor, individually and as executor and trustee, and others. There was a judgment for plaintiff, and defendant Thomas D. Pryor, in his individual capacity, appeals, and in his representative capacity, brings error. Affirmed.

See, also, 150 S. W. 972.

Frank G. Morris and Stanton & Weeks, all of El Paso, for appellant and for plaintiff in error. Davis & Goggin, of El Paso, for appellee and for defendant in error. T. C. Lea, Jr., of El Paso, for Guardian ad Litem.

HARPER, C. J. Annie P. Krause, by her first amended original petition, filed February 14, 1912, sued Thos. D. Pryor and John P. Pryor in their individual capacities, and also in their representative capacities, as independent executors and trustees under will of Fannie D. Porter, deceased, C. W. Fassett, receiver of the estate of said deceased, Porter, Frederick Pryor, Thomas Aubrey Pryor, Frances Pryor, Francis D. Pryor, and John P. Pryor, Jr., in trespass to try title to certain premises in the city of El Paso.

The original petition is not shown in the record, but from recital in foregoing amendment it appears to have been filed September 26, 1910. By reason of this omission from the record we are not accurately and definitely advised as to the capacities in which the defendants were originally sued, but we gather from other portions of the record that said Thos. D. Pryor and John P. Pryor in their representative capacities were not sued originally.

Mrs. Fannie D. Porter died November 24, 1896, and her will, hereinafter copied in part, was regularly admitted to probate, and plaintiff, Annie P. Krause, and defendants John P. Pryor and Thos. D. Pryor qualified as executors and trustees of the estate as therein provided, and entered upon the discharge of their duties as such. The receiver Fassett answered by plea of not guilty.

The other defendants in the cause were grandchildren of Fannie D. Porter, and disclaimers were filed by Francis D. Pryor on February 7, 1911, and by John P. Pryor, Jr., on February 8, 1912, in which title was expressly admitted to be in plaintiff. Frederick Pryor, Thomas Aubrey Pryor, and Frances Pryor being minors, a guardian ad litem for them was appointed, who answered in their behalf, as hereinafter indicated.

On January 7, 1911, John P. Pryor filed a disclaimer expressly admitting the truth of the facts alleged by plaintiff with reference to the title to the premises in controversy, and on February 12, 1912, he entered his appearance in the cause in his representative capacity, and as such, and in behalf of the estate of the decedent, disclaimed any interest in the premises. At the time this appearance and disclaimer were made, the amended petition, complaining of him in his representative capacity, had not been filed, but the first supplemental petition filed February 8, 1912, hereinafter noted, had been filed, in which judgment against him in such capacity was asked.

On January 19, 1912, Thos. D. Pryor filed his first amended answer, which he termed a plea "in limine," for the purpose of showing that there was a defect of necessary parties defendant. The pleading is confusing, but we gather the following material allegations: That in cause No. 8056, pending in the Thirty-Fourth district court of El Paso county, wherein Thos. D. Pryor, individually and as executor and trustee of estate of Fannie D. Porter, was plaintiff, and Annie P. Krause, and John P. Pryor, individually, and as such trustees of said estate, together with other persons, were parties defendant, upon the petition of said Thos. D. Pryor, C. W. Fassett was appointed receiver of the estate of said decedent, including the property here in controversy, and that Fassett qualified as such; that on September 15, 1910, he had filed in said cause his amended petition, making Frank Davis Pryor, John P. Pryor, Jr., Frederick Pryor, Thomas Aubrey Pryor, and Frances Pryor, children of John P. Pryor and grandchildren of deceased, as additional parties defendant; that the amended petition was divided into two counts, and was a bill in equity; that he had alleged all of the facts conected with the will and estate of Fannie D. Porter, and claimed an accounting both as heir at law and as joint executor and administrator and as tenant for life under the will; that in the first count it was claimed that the will was invalid, as violating the rule against perpetuities, but that

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

question is still undetermined by the court in which said cause is pending; that by the second count in the petition the validity of the will was assumed and an accounting claimed as an executor and trustee and as a life tenant or beneficiary; a copy of the Porter will was attached to the pleading and made a part thereof, and its due execution and probate averred; that he and Annie P. Krause and John P. Pryor had qualified as executors and trustees thereunder, and had afterwards filed an inventory and appraisement of the estate, which included the premises sued for; that the premises so sued for by plaintiff are held by said parties as executors and trustees, and by Fassett as receiver under the appointment aforesaid, and that Fassett, by reason of such appointment, represented all of the beneficiaries under the will, and Annie P. Krause, John P. Pryor, and Thos. D. Pryor as executors and trustees; that the defendants in said cause on November 30, 1910, filed a motion to vacate the receivership and set forth divers and sundry grounds by which they attempted to make an accounting for and on behalf of the said Annie P. Krause and John P. Pryor as independent executors as aforesaid, and, a supplemental motion to vacate the receivership having been filed by said defendants, the court, on December 18, 1910, in said cause No. 8056, discharged the receiver Fassett; that by reason thereof Fasset is without authority to further appear in this cause in behalf of the heirs at law, beneficiaries, and executors and trustees under the Porter will, and that the court had lost jurisdiction over the person and subject-matter of the suit, so far as the authority of the receiver was concerned; that he (Thos. D. Pryor) and John P. Pryor had never been made parties to the suit in their capacities as executors, trustees, and beneficiaries under the Porter will, and, as shown by the terms of the will, he would not in such capacity be authorized to interpose all of the defenses and claims which should be urged; that by reason of the premises there is a defect and nonjoinder of necessary parties defendant; that Annie P. Krause and John P. Pryor and such of the grandchildren of Mrs. Porter as were of age, as shown by the pleadings, disclaimers, and orders of court, were acting together and against his interest and the interest of the minor heirs. Wherefore he presented his plea "in limine," and prayed that the suit be dismissed for want of proper parties defendant, and, if not dismissed, that the proper and necessary parties defendant be brought before the court, and further proceedings stayed until this was done.

The answer then, without waiving the plea "in limine," contained a plea of not guilty and special matters of defense not necessary to state in detail.

On February 8, 1912, plaintiff filed first supplemental petition claiming that there was no necessity to make further parties to the suit, but, if so, she asked judgment against John P. Pryor and Thos. D. Pryor in their representative capacity, as well as their individual capacity, and against all of the defendants in whatever capacity they might assert claim to the property.

On February 15, 1912, the minors Frederick Pryor, Thomas Aubrey Pryor, and Frances Pryor, by their guardian ad litem, filed an amended answer, in which they adopted the plea "in limine" of Thos. D. Pryor; also pleaded "not guilty" and special matters of defense not necessary to state in detail.

On February 12, 1912, the court entered an order sustaining the plea "in limine" to the extent that Thos. D. Pryor and John P. Pryor, in their representative capacities as executors and trustees of estate and will of Fannie D. Porter, were required to be made parties defendant, but held that making them parties defendant in such capacity did not constitute a new cause of action, and did not require the issuance of citation to bring Thos. D. Pryor before the court in his representative capacity, but that he was already before the court and would be required to answer in such capacity.

In the pleadings filed by Thos. D. Pryor subsequent to the entry of this order he expressly stated that his appearance was in his individual, and not his representative, capacity.

Upon trial judgment was rendered in favor of Annie P. Krause for the premises sued for, together with improvements thereon, upon condition that she pay off certain notes which constituted a lien thereon executed by herself, John P. Pryor, and Thos. D. Pryor. From this judgment Thos. D. Pryor in his individual capacity prosecuted an appeal, and is before this court as an appellant. In his representative capacity he prosecuted a writ of error, and in that capacity is before the court also as plaintiff in error. The two proceedings upon appeal have been consolidated and considered together.

The original brief filed by Pryor as an appellant was stricken out for failure to comply with the rules and leave given to rebrief. The cause was rebriefed by him, but the last brief is even more violative of the rules than the one originally filed. It is violative of the rules in numerous particulars, and a due regard for the rights of adverse parties and of the duty to present questions upon appeal in such a manner that the court may intelligently grasp and pass upon same demands a due regard for the rules of briefing and the manner in which questions raised should be presented. The assignments in appellant's brief are confusing in the extreme, and this condition is not aided, but greatly intensified, by the supporting propositions and mass of irrelevant and immaterial matter contained in the brief.

There are 83 errors assigned in a printed

brief of 305 pages, presenting all the questions that arose upon the trial. The effect of the appeal under such circumstances is simply to transfer the case from the trial court to this for retrial upon all contested points, without any responsibility being assumed by counsel of selecting, as required by rule 35, and presenting the most important questions in the determination of the case.

To present the views of the court upon each and all of the errors assigned separately would require a voluminous opinion, disproportionate to the importance of the questions raised by most of them. The necessity is therefore devolved upon this court of selecting and presenting such questions as are deemed important to be considered in determining what disposition should be made of the case.

We feel that this brief is such a flagrant violation of the rules that it should not be considered, but, because of the importance of some of the questions raised and the fact that the Supreme Court have indicated that these rules promulgated by it are not to be taken too seriously, we have decided to consider the assignments.

So without further comment upon such assignments as are not specifically mentioned they are overruled because they are without merit, or that they are not in conformity with the rules of this court.

[1] The first assignment submitted as a proposition in brief on writ of error No. 310 reads:

"The court erred in rendering judgment against this defendant in his capacity as executor and trustee of the will and estate of Fannie D. Porter, deceased. for the real estate described in the judgment in this case, in that this defendant was not brought into said case as a party to this suit by process and service thereof, nor did he appear in this cause in his capacity as executor and trustee aforesaid before said judgment was rendered, and that therefore the court had no jurisdiction to render a judgment against him in said capacity, as such executor and trustee."

And the same question is raised in brief in 192 on appeal by many assignments. This assignment most ingeniously obscures the true question involved, and presents a false issue. Of course, a court has no authority to render judgment against a defendant who has not been served with citation or in any manner entered his appearance. As to that there can be no doubt. But Thos. D. Pryor was a party defendant and before the court. The court had jurisdiction over his person. True, he was only there in his individual capacity, in the sense that a judgment could not have been rendered which would bind him in his representative capacity, because of the state of plaintiff's pleadings, which did not complain of him in that capacity; from which it followed no judgment could have been rendered which would bind him in that capacity. Hanrick v. Gurley, 93 Tex. 458, 54 S. W. 347, 55 S. W. 119, 56 S. W. 330; Landon v. Townsend, 112 N. Y. 93, 19 N. E. 424, 8 Am. St. Rep. 712; 2 Black on Judgments, § 536.

[2] But when the plaintiff amended and complained of him in his representative capacity, there was then potential authority vested in the court to render judgment against him in both capacities, because he was in person before the court and subject to its jurisdiction. When the amendment was filed he was lawfully before the court. The amendment did not make a new party; it merely complained of a present party in an additional capacity, and it was in no wise necessary that new citation issue to bring him into court, because he was already there, was represented by counsel, was charged by law with notice of the amendment complaining of him in his representative capacity, and, in fact, had actual notice thereof. The amendment was not a new cause of action such as would require the issuance of citation. The cause of action was the same, and based upon same facts. The amendment merely authorized a judgment against Pryor, divesting him of his possession, the property sued for, as trustee; in other words, in a capacity which was not previously authorized by the pleadings. Bearing clearly in mind the fact that Thos. D. Pryor was already before the court subject to its orders and had actual and constructive notice of the filing of the amendment, it will readily be perceived that an amendment which asked relief against him in the representative capacity, when he was already before the court, did not require a new citation. Thos. D. Pryor was only one person. As a person he was before the court, and, being so, it could authorize amendments by which judgment could be entered, which would bind him in his several capacities. By analogy the views here expressed are supported by the following authorities: Rabb v. Rogers, 67 Tex. 335, 3 S. W. 303; Hay & Grain Co. v. Ratliff Bros., 144 Ky. 161, 137 S. W. 1035; Whitehead v. Herron, 15 Tex. 127, 65 Am. Dec. 145; Randolph v. Barratt, 41 U. S. (16 Pet.) 138, 10 L. Ed. 914; Gray v. Alderson (Ky.) 123 S. W. 317; Van Dorn v. Ry. Co., 93 Fed. 260, 35 C. C. A. 282.

[3] The plea "in limine" set up that there was a defect of necessary parties. Such was not the case. The dual capacity of Thos. D. Pryor, did not make two men out of him. No new parties were brought into court by the amendment. Its only effect was to ask for and authorize judgment against the same parties in an additional capacity, subject to the right to apply for continuance for the term in order that the defenses in the representative capacity might be prepared and properly presented. If the pleadings had not been amended so as to ask for judgment against the Pryors in their representative capacity, the court could nevertheless have rendered a valid judgment against them, which would not have been the case if there was a defect of necessary parties. Such

judgment, however, would have bound them as individuals only, and not as executors and trustees.

This question is entirely separate and distinct from, and must not be confused with, the propriety of the court's action in proceeding to trial and judgment at the term at which the amendment was filed. This presents the right of continuance. The sole question in its last analysis is: Did the court have the authority to permit an amendment which would bind Pryor in his representative capacity and render judgment thereon without issuing and serving a citation directed to him in such capacity? Under the facts and for reasons indicated, the court was so authorized.

[4] Irrespective of this view, the plea "in limine" of itself constituted an appearance by Thos. D. Pryor in his representative capacity, and when plaintiff amended so as to authorize a judgment against him in such capacity, he had, by virtue of his plea, entered an appearance which gave the court jurisdiction to enter judgment against him in that capacity. This view is not affected by the fact that by the terms of the will the executors could not act singly. It is a question of whether the court had jurisdiction over him, so as to enter a judgment against him, which is quite distinct from the question of the effect of the judgment upon the interest of the estate. If he could be brought in singly by citation, he could singly enter an appearance so far as he himself was concerned.

[5] The error next assigned by appellant in 310, and presented as a proposition of law, and by him in 192 by 16 different assignments, charges that:

"The court erred in rendering judgment for plaintiff for the land described in the judgment, while the land was in the hands of the executors and trustees without such executorship having been closed and the executors discharged, and without two or more of the executors or trustees being parties plaintiff or defendant hereto in their capacities as such executors and trustees, as without such parties the court had no jurisdiction over the land to render a decree for plaintiff, for the title or possession thereof; the powers of the executors being limited by the will so that two or more of them were required to represent the said estate."

By amended petition, Thos. D. Pryor and John P. Pryor were made parties defendant in their representative, as well as individual, capacities. John P. Pryor entered his formal appearance and disclaimer, and, in passing upon the first assignment, we have held that the court had jurisdiction and authority to render judgment against Thos. D. Pryor in his representative capacity. Therefore the premise upon which this latter assignment is based—i. e., that the court had no jurisdiction to render judgment for the land because two of the executors and trustees were not before the court—is false and not well taken.

The appellant in both briefs urges several assignments which charge that:

"The court erred in rendering judgment for plaintiff against this defendant as executor and trustee, because the plaintiff, being a co-executor and trustee with this defendant, could not, while remaining such executor and trustee, be permitted to maintain a suit against this defendant as co-executor and trustee for the land held by them as executors and trustees of the estate of Fannie D. Porter, deceased."

Under this assignment appellant urges that, since this property was claimed by the executors and trustees as property of the estate, and committed to their charge as executors and trustees, she was disqualified to set up title in herself, while she remained trustee.

The will among other provisions, contains the following:

"I devise and bequeath all the lands, tenements, hereditaments and real estate of every tenure, and all the money, securities for money, goods, chattels, credits and personal estate owned by me, or of or to which I shall at my death be seized or entitled unto my children John P. Pryor, Annie P. Krause, and Thos. D. Pryor, and their successors, trustees upon the following trusts and conditions:

"I direct my said trustees to divide the income, but not the principal, of my said estate, after paying all taxes and other necessary expenses, equally between my said children during the term of their natural lives.

"Upon the death of any of my children, I direct that the one-third ($\frac{1}{3}$) income of my said estate to which said child was entitled during life, be applied to the use and benefit of the issue, if any, of such deceased child. Said surviving trustee and their successors shall pay over to such issue, if any, or at the election of such trustee, or their successors, expend for the use and benefit of such issues, share and share alike, the income of said one-third ($\frac{1}{3}$) of my said estate so set aside.

"I direct that upon the death of my last surviving child, my said estate shall be divided into as many parts as there are grandchildren of mine surviving, and each of said grandchildren shall thereupon be entitled to receive one of such parts.

"I direct that all the trustees appointed or provided for by this will, shall join in every act done as such trustees, and that is provided for in this will, or required by the execution of my wishes as the same are herein expressed.

"Provided, however, that if any one of my said children shall depart this life the two surviving children shall have power to execute this trust; and provided further, if two or more of my said children shall depart this life, or shall refuse to act as trustees any court of competent jurisdiction shall appoint one or more trustees to act in the stead of such deceased, or refusing trustees, so that there shall always be two trustees to act, either partly by my own appointment and partly by the appointment of such court, or wholly by the appointment of such court; and provided, further, that in the event either one of my said children shall refuse to accept such appointment as such trustee, any two of my said children who shall accept such appointment, as trustee, shall have full power to execute this trust."

It will be seen that by the will, Annie P. Krause, appellee, and John P. Pryor and Thomas D. Pryor, appellant, were made executors and trustees of the estate of Fannie D. Porter, deceased, and that there shall always be two trustees to act. The evidence shows that all three accepted the trust and qualified.

The testimony is practically uncontradict-

ed that Mrs. Porter, several years prior to her death, executed a deed to the property sued for, as a gift to her daughter, which for reasons given, was never put on record, and that after the death of Mrs. Porter it was destroyed by fire; that upon the death of Mrs. Porter, John P. Pryor attended to the matter of probate and inventory of the property, and included the property in controversy in the inventory by mistake; and that it so remained and was treated as property of the estate up to the institution of this suit.

It is clear that, under the facts in this case, appellee is entitled to recover, unless she is prohibited by law from maintaining this suit while she remains trustee of that for one of the reasons assigned by appellant she is estopped from maintaining this suit.

[6] It is a well-settled proposition of law that an executor in his individual capacity is a stranger to the estate, and may sue to establish his title to property of an estate claimed by the cestui que trust. White v. Shepperd, 16 Tex. 168; Clapp v. Engledow, 72 Tex. 252, 10 S. W. 462; Koppelman v. Koppelman, 94 Tex. 42, 57 S. W. 570; Carroll v. Carroll, 20 Tex. 732; Little v. Birdwell, 21 Tex. 597, 73 Am. Dec. 242.

[7] And it is equally well established that the act of an executor, administrator, or guardian of placing property upon the inventory returned is only prima facie evidence of title in the estate, which may be rebutted by proof that the title was not in the testator.

[8] And that title to lands do not pass by any order of probate court where it was not owned by the deceased. Bradley v. Love, 60 Tex. 473.

Appellant has cited many authorities for his contention that appellee cannot maintain this suit while remaining trustee, and urges the proposition with such apparent earnestness that the distinguishing features of the cases cited by them and the ones cited above as authority for our holding will be dwelt upon at length.

In Iturri v. Whitehead, 22 Tex. 556, the court said:

"It would seem, on general principles, that, after it was made apparent to the court that the plaintiff had been appointed guardian of the defendants, the suit ought to have been dismissed."

And this excerpt is quoted with approval in Sandoval v. Rosser, 86 Tex. 682, 26 S. W. 933. In order to understand this it is necessary to consider the nature of the action. The suit was brought by Whitehead against Rodriguez as guardian of the Iturri minors for an interest in certain real estate and rents therefrom, which he claimed, under the laws of descent and distribution, through his deceased wife. During the progress of the suit he became guardian of the minors, and was acting as such when the trial was had. In order for Whitehead to take any judgment for the minors he necessarily would be taking it against himself as guardian, and

in order for him to take judgment for the property in his personal right he must get judgment against himself as guardian, and that is just what the rule of law quoted means that he cannot do; but were he suing the minors in his personal capacity for property to which he alleges they never had title, or, as in this case, in his personal capacity, sued the executors who were legally qualified to represent the minors and the trust estate under the will—i. e., "any two of the trustees may act in the event one should fail or refuse to act in all matters pertaining to the estate"—it is plain that he would not take any judgment against himself as trustee or executor. In other words, the trustee or executor *as such* will not be permitted to dispute or question the title of the cestui que trust or minor, but in his personal capacity he may establish that he has the title and that the minor or cestui que trust never had title. In other jurisdictions it has been repeatedly held that an executor or administrator can maintain an action against his coexecutor or coadministrator as the case may be. Pringle v. Pringle, 130 Pa. 565, 18 Atl. 1024; Ely v. Ely (N. J.) 50 Atl. 657, affirmed in 64 N. J. Eq. 790, 53 Atl. 1125; Baker v. Baker, 3 Munf. (Va.) 222; Muller v. Muller, 76 N. J. Eq. 429, 79 Atl. 428; Evans v. Evans, 23 N. J. Eq. 71; Black v. Shreeve, 7 N. J. Eq. 440, 457; Petty v. Young, 43 N. J. Eq. 654, 12 Atl. 392; Ransons' Executors v. Geer, 30 N. J. Eq. 244; Marsh Executors v. Oliver's Executor, 14 N. J. Eq. 259; Barnhardt v. Smith, 86 N. C. 473; Johnson's Executors v. Dubel (N. J.) 3 Atl. 705; Stiver v. Stiver, 8 Ohio, 217; Rogers v. Rogers, 75 Hun, 133, 27 N. Y. Supp. 276; Rodes v. Rodes, 24 Grat. (Va.) 256; Huff v. Thrash, 75 Va. 546.

The next question is: Is the appellee estopped from prosecuting this suit under all the facts and circumstances.

In Little v. Birdwell, supra, it is held that the mere returning of property in the inventory does not estop a person from asserting title to it.

"It is not an estoppel in deed, and, to constitute it an estoppel in pais, the admission it contains must have been acted on by others, who would be prejudiced in consequence, were the party who made the admission permitted to retract it. It must be such as that good faith and fair dealing toward others, who have received it as true, and acted upon it, forbid that it be retracted."

And we find no evidence in this record that any person has acted upon it to their prejudice.

[9] Appellant further urges that the appellee is estopped by her act in joining with the other trustees in the execution of a blanket deed of trust as trustees. As between the parties to the deed in trust and to purchasers under the deed in trust, such would be the legal effect of the act, but the trust estate was not prejudiced by it, and, if it were, the trial court decreed that the portion of the money so borrowed and applied

to the construction of the building erected upon the property sued for shall first be paid by appellee before she have title free from this debt, so the estate will not be prejudiced by the judgment entered. Appellee offered to do equity, and the court has by its judgment protected the appellants. Patterson v. Patterson (Civ. App.) 27 S. W. 837; Coddington v. Wells, 59 Tex. 49.

[10] Appellant in No. 192 by several assignments charges that the court erred in taxing as costs against him the fee of $250 allowed the attorney, as guardian ad litem, for representing the minors.

The petition alleged that certain ones of the defendants were minors, without guardian, and appellee, plaintiff, filed her motion to have one appointed. Under such state of facts the compensation to be paid the attorney appointed for services in the case, authorized to be taxed as part of the costs of the suit, are to be deemed costs incurred by the appellee, plaintiff below.

[11] If a judgment be rendered against minors represented by a guardian ad litem, it is proper that the costs be taxed for the services of the guardian as other costs should be taxed against the minors, and collected out of their estates, unless there be some equitable consideration which would authorize the court to tax the costs against the successful party. In this case it has been determined that the minors had no interest in the lands sued for, and Thomas Pryor, appellant, had no interest in anything they might have recovered, so the fee should have been taxed against the plaintiff (appellee), and the judgment of the lower court is here reformed accordingly. Mitchell v. Mitchell, 80 Tex. 101, 15 S. W. 705; Ashe v. Young, 68 Tex. 123, 3 S. W. 454.

There being no reversible error in the record, the judgment of the lower court will be reformed as indicated and affirmed, and it is so ordered.